**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**Joseph N. DENSON, Jimmy D. Anderson, Sr., Richard D. Chotard, Jr., W.B. Brannan, A.D. Breland, Jr., Terrell E. Wise, John M. Rogers, Donald E. Meiners, J.E. Sheppard, John Baxter Burns, III, J.S. Harris, Jr., Martha Kabbes, Tom H. Riddell, Jr., Collins Wohner, P.W. Bozeman, and J.L. Lotterhos, Jr.; Elizabeth C. Fortune, Executrix of Estate of Porter L. Fortune, Jr.; W.P. "Pat" McMullan, Defendant.**

**Civ. A. No. J87–0264(W).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 30, 1990.

Patricia Hancock, Hancock Gowan & Houston, Jackson, Miss., Bruce Pederson, Legal Division, FDIC, Washington, D.C., W. Scott Sorrels, Thomas S. Richey, Powell Goldstein Frazer Murphy, Atlanta, Ga., for plaintiff.

Lester F. Smith, Perry Morrison & Smith, Jackson, Miss., for M. Kabbes, John Baxter Burns, III.

Glenn Gates Taylor, Harry E. Neblitt, Jr., Jackson, Miss., for John M. Rogers.

James H. Herring, Herring and Self, Canton, Miss., for W.B. Brannan, Elizabeth C. Fortune, Tom H. Riddell.

Frank W. Trapp, Phelps Dunbar Marks Claveris Sims, Jackson, Miss., for Jimmy Anderson.

Alan W. Perry, Forman Perry Watkins Krutz, Jackson, Miss., for Collins Wohner.

Jay Travis, John C. Henegan, Leslie J. Bobo, Butler Snow Firm, Jackson, Miss., for John M. Rogers, Harris Sheppard, Donald E. Meiners, P.W. Bozeman.

David W. Clark, Jackson, Miss., for Terrell E. Wise.

Brand Henley, Jackson, Miss., for A.D. Breland, Jr.

Joseph E. Lotterhos, Jackson, Miss., for J.E. Lotterhos, Jr.

Michael Hartung, Royals Hartung & Davis, Jackson, Miss., for W.P. "Pat" McMullan.

Richard D. Chotard pro se.

Dennis S. Peters, Ross E. Henley, Henley Lotterhos & Henley, Jackson, Miss., for A.D. Breland, Jr. and Julius L. Lotterhos, Jr.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is a motion to dismiss filed by the defendant, Donald E. Meiners, who claims that he was not served with process in this cause as required under Rule 4(j)[1] of the Federal Rules of Civil Procedure. This lawsuit was filed on May 11, 1987, by the plaintiff, Federal Deposit Insurance Corporation [hereinafter FDIC] against Meiners and other former officers and directors of the Mississippi Bank [hereinafter Bank], charging that they permitted losses to the Bank to occur by failing to exercise due care and diligence in the performance of their duties imposed by common law, statute, and contract. Meiners calculates that 120 days elapsed by September 8, 1987, and that since he was not served with summons within this time frame,[2] he should be dismissed from this action with prejudice because the applicable statute of limitations has run. This motion to dismiss was filed May 16, 1990.

The salient facts undergirding this dispute are not really in dispute. The affidavit of counsel for the FDIC, Patricia Hancock, states that the summons and the complaint were mailed to Meiners on May 18, 1987. The documents were sent to a Jackson, Mississippi, address by certified mail, return receipt requested. This mailing was returned to FDIC's counsel marked, "Attempted-not-known." Counsel for FDIC contacted another defendant's attorney on May 27, 1987, one Steve Williams, and mailed Williams the summons and complaint. Williams informed FDIC's counsel that Jay Travis, III, represented Meiners. In fact, Travis was representing Meiners in the case of *International Insurance Company v. McMullan*, J84–0760(W), a matter related to the instant litigation. Williams forwarded the summons and complaint to Travis. FDIC's counsel received a letter from Travis dated June 8, 1987, which informed FDIC's counsel of Meiners' address in New Orleans, Louisiana. Travis also stated in the letter that he was not authorized to make an appearance in this case on Meiners' behalf. On June 22, 1987, FDIC's counsel mailed the summons and complaint to the address given by Travis pursuant to Rule 4(c)(5)[3] of the Mississippi Rules of Civil Procedure as permitted by Rule

---

1. Rule 4(j) provides: **Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

2. Calculated correctly pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, 120 days expired on September 11, 1987, but this is not relevant to the dispute over service of summons.

3. Rule 4(c)(5) of the Mississippi Rules of Civil Procedure states as follows: *Alternate Service on Person Outside State.* In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the return envelope marked "Refused."

4(c)(2)(C)(i)[4] of the Federal Rules of Civil Procedure. The envelope was marked "Restricted Delivery." On July 1, 1987, FDIC's counsel received a signed "green card" (return receipt) from the Post Office, indicating that the letter containing the summons and complaint had been accepted.

Meiners agrees that the summons and complaint were mailed, just as FDIC's counsel states, and were received in an envelope marked "Restricted Delivery," but by a company clerk named Millard Watler. Watler signed the return receipt and delivered the letter to Meiners' offices. Meiners' secretary was out for the afternoon. According to Meiners, Watler was not an authorized agent to accept service of process on Meiners' behalf. Later, Meiners' secretary mailed the unopened envelope containing the summons and complaint to Meiners' attorney. Meiners says he never opened and reviewed the contents of the envelope, and, thus, he asserts that no return has been filed with the court in regard to FDIC's purported service of summons upon him. So, under these circumstances, Meiners says that he was not properly served under Rule 4. He claims that he has preserved this objection since he asserted such in his answer to the FDIC complaint.

The FDIC vigorously opposes the plaintiff's motion, arguing that proper service was effected upon Meiners on the theory that the company clerk, Watler, was indeed authorized to accept service of process on Meiners' behalf. Alternatively, the FDIC contends that even if the service was improper, that on account of the peculiar circumstances here, FDIC's oversight should not trigger the draconian consequences of a Rule 4(j) dismissal which would be one with prejudice because the applicable statute of limitations has now run. Instead, says the FDIC, the court should find under the circumstances of this case that FDIC has established good cause for relief under Rule 4(j).

Assuming[5] that service here was improper, the court is convinced that FDIC has shown sufficient good cause to excuse it from the impact of Rule 4(j). FDIC's reliance upon the mail service, after having received a signed return receipt and FDIC's ignorance of the company clerk's argued authority until FDIC could take the clerk's deposition some three years later because of a stay of discovery, coupled with Meiners' actual awareness of the particulars of the lawsuit, Meiners' participation in phases of discovery, and Meiners' delay in specifying the alleged defects in the service of process until after the running of the statute of limitations all combine to persuade the court that FDIC has shown good cause to excuse itself from the thrust of Rule 4(j).

Rule 4(j) of the Federal Rules of Civil Procedure requires dismissal of an action if service is not made upon the defendant within 120 days after the filing of the complaint. *Traina v. United States,* 911 F.2d 1155 (5th Cir.1990); *Norlock v. City of Garland,* 768 F.2d 654, 657 (5th Cir.1985). Adopted at the same time as was the mail provision, subsection 4(j) apparently was enacted to serve as a timing restriction, since under the new mail provision any

---

**4.** This rules provides: (C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

(i) pursuant to the law of the State in which the district court is held for the service of summons or like process upon such defendant in an action brought in the courts of general jurisdiction of that state ...

**5.** The company clerk, Watler, signed the return receipt for the certified letter. In his deposition he asserted that he had routinely signed for company officials. Meiners denies that Watler had authority to accept service for him, disputes Watler's statement that he routinely accepted certified mail for company officials. The court understands that in determining whether an agent had authority to accept service of process, that the assertions of the alleged agent are not determinative. *Schwartz v. Thomas,* 222 F.2d 305 (D.C.Cir.1955); *Broadcast Music, Inc. v. M.T.S. Enterprises,* 811 F.2d 278, 281 (5th Cir. 1987). Still, *see Jaffe v. Federal Reserve Bank of Chicago,* 100 F.R.D. 443 (N.D.Ill.1983), where sufficiency of service was attacked because an employee in the mail room received and delivered the letter. Holding that the defendant received actual notice, the court reasoned that the plaintiff caused the papers to be delivered to the defendants in fact via the mailman, assisted by the defendants' mail room personnel.

nonparty was authorized to resort to such service of process. Prior to the adoption of the mail provision, service was performed exclusively by the marshals. So, according to some commentators, Rule 4(j) was added to ensure timeliness of service. *Norlock v. City of Garland,* 768 F.2d 654, 658 (5th Cir.1985). However, even though timely service is not effected, a district court may extend the time for service if the plaintiff can show excusable neglect or good cause for the failure to execute proper service of process. *Traina v. United States, supra; Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985). Actions falling into the category of inadvertence and ignorance of the rules of proper service are not excusable neglect and do not establish good cause for extending the 120 day period for service. *McDonald v. United States,* 898 F.2d 466 (5th Cir.1990). In *McDonald,* in a federal torts claim against the United States, the plaintiffs were held answerable under Rule 4(j) where they had attempted service by mail upon the United States under 4(c)(2)(C)(ii), a method expressly disallowed under the rules. *See* Rule 4(c)(2)(C), providing that service pursuant to 4(c)(2)(C)(ii) may be made upon an individual or a corporation; *see also Norlock v. City of Garland, supra.* Rule 4(d)(4) provides for service of process upon the United States.

In the instant case, unlike the plaintiffs in *McDonald v. United States, supra,* the plaintiff here resorted to a proper rule and mode of service. Rule 4(c)(5) of the Mississippi Rules of Civil Procedure in conjunction with Rule 4(c)(2)(C)(i) of the Federal Rules of Civil Procedure permit service upon an out-of-state defendant by certified mail, restricted delivery. *See Noble v. Noble,* 502 So.2d 317 (Miss.1987). FDIC received a return receipt, which gave the reasonable impression that service had been completed. Rule 4(c)(5) states that service of process is complete on the date of delivery as evidenced by the return re-

ceipt, or by the returned envelope marked "Refused."

The letter containing the summons was delivered to Meiners, who kept it in his office awhile, then later had it sent to his attorney with directions to the attorney to answer the complaint. An answer was duly filed, and although the answer included the defense of insufficiency of service, no specific details were provided as to the alleged deficiency. It was not until the instant motion to dismiss was filed some three years later, after the running of the applicable statute of limitations, that FDIC was advised of the specifics of Meiners' motion. Meanwhile, Meiners had participated in some discovery and court proceedings. The bulk of discovery, however, had been stayed by the court pending proceedings in a companion case, *International Insurance Company v. McMullan,* J84–0760(W). So, the plaintiff was only able to obtain Meiners' deposition in June of 1990, after Meiners had moved to dismiss pursuant to Rule 4(j). The plaintiff engaged in full exploration of the issue for the first time during that deposition and was only then apprised of the substance of Meiners' claimed defense.

Then, it is clear that Meiners was aware of the particulars of the lawsuit. On page 11 of Meiners' deposition he states that he first became aware of FDIC bringing lawsuits against former officers and directors of Mississippi Bank in May or June of 1987. This is the same time that service of summons on Meiners was being mailed by FDIC. Referring to the case *sub judice,* Meiners states on page thirteen of his deposition that he read a copy of the "Denson" complaint in May or June of 1987. He says that he received a copy of the complaint from his attorney, Jay Travis.[6] Additionally, Meiners acknowledges that he became aware of the letter containing the summons after Watler signed for it and brought it to his office. On page 29 of his deposition

**6.** The colloquy at that point is as follows:
Q: Was Mr. Travis your counsel at that point in time?
A: He was at that time. He had done some work for me on other litigation and, therefore,

he sent me a copy of it [the complaint]. I believe at that time, *I asked him to go ahead and respond to this particular suit that you are referring to.* That was sometime in late June, I believe.

Meiners described the letter, said he knew what the letter was for, and responded to counsel's question, "Well, I wasn't sure, but I suspected that it could be about this bank case, the Denson case." Meiners also admits that he saw the envelope when it arrived in his office. Since his secretary was away for the afternoon, Meiners says he simply let the envelope lie on his secretary's desk. At some time long after receipt of the summons, the envelope was sent to Meiners' attorney, Jay Travis.

As earlier mentioned, the court sees these factors in sum as amounting to good cause under Rule 4(j). Arguably, in waiting until May 16, 1990, to file his motion and in participating in discovery, Meiners may have misled the FDIC into believing that he would not pursue the defense. *See McDonald v. U.S.,* 898 F.2d at p. 468. *Also see Broadcast Music, Inc. v. M.T.S. Enterprises,* 811 F.2d 278, 281 (5th Cir. 1987); *Burton v. Northern Dutchess Hospital,* 106 F.R.D. 477, 481 (S.D.N.Y.1985); *Wilson v. Kuwahara Company Limited,* 717 F.Supp. 525 (W.D.Mich.1989).

Regardless, this court views the factual offerings here much as did the Court in *Dominic v. Hess Oil V.I. Corp.,* 841 F.2d 513 (3rd Cir.1988), when it weighed kindred facts before it. There, addressing a sufficiency of process question, the Court refused to apply Rule 4(j), owing to factors which included: (1), the confusion in law as to whether service of summons was required on recently joined codefendants over whom trial court already had jurisdiction; (2), the fact that recently joined defendant was aware of plaintiff's claims; and (3), the finding that the evidence failed to indicate any lack of diligence or inadvertence by plaintiff's counsel.

So, in conclusion this court finds that good cause exists why FDIC should be excused from the dictates of Rule 4(j). After Meiners filed his motion to dismiss, FDIC effectuated proper service upon Meiners on the date of July 5, 1990. There is no dispute as to the sufficiency of this service. Accordingly, the court will deny defendant's motion to dismiss pursuant to Rule 4(j) and hold that defendant Meiners,

now properly served, is yet a defendant in this lawsuit.

SO ORDERED AND ADJUDGED.