**Linda BARKER, Plaintiff–Appellant,**

v.

**HEEKIN CAN COMPANY and Fireman's Fund Insurance Company, Defendants–Appellees.**

Supreme Court of Tennessee, at Jackson.

Feb. 4, 1991.

Lundy W. Daniel, James E. Bailey, Jr., Memphis, for plaintiff-appellant.

Ronald T. Hill, Memphis, for defendants-appellees.

## OPINION

DAUGHTREY, Justice.

In this appeal, we are asked to decide whether the trial court properly ordered summary judgment in favor of defendant Heekin Can Company, apparently on the basis of a defect in service of process. Because of imprecision in defense pleading and lack of specificity in the final judgment, we are unable to discern the exact reason for dismissal of the action, but whatever the ground, procedural or substantive, we conclude that summary judgment was inappropriate and remand the case for trial or other disposition on the merits.

This lawsuit was filed as a workers' compensation action by the plaintiff, Linda Barker, against her employer, Heekin Can Company. Barker sought recovery for a back injury alleged to have occurred during the course of her employment at Heekin Can on July 26, 1984. As a result, she alleged, she had suffered permanent disability and had not been able to return to work after that date. The complaint was filed on June 27, 1985, following a breakdown in negotiations between the plaintiff and Fireman's Fund Insurance Company, the workers' compensation insurance carrier for Heekin Can. The stumbling block to settlement apparently involved the question of whether or not Barker gave adequate notice of the injury to her employer, as required by T.C.A. § 50–6–201.

When the complaint was filed, a summons was issued by the clerk, directed to the Heekin Can Company at 4467 Delp, Memphis, Tennessee. The initial summons was returned unexecuted. The process server marked it "no longer in business here; sold out," and dated the notation July 19, 1985. Counsel for plaintiff filed an alias summons on September 26, 1985, directed to "Heekin Can Company, a/k/a Pearcher [sic] and Schwank Plastics." The process server was directed to "serve any authorized agent for service of process at 4467 Delp, Memphis, Tennessee." That summons was ostensibly served on October 3, 1985. The execution carries the following notation: "served process ... by delivering ... a copy of the summons and a copy of the complaint to ... Heekin Can Company, a/k/a Pearcher [sic] and Schwank Plastics, by serving: Harold Townsend, Gen. Mgr."

Defendant Heekin Can filed a response on October 31, 1985, incorporating both a motion to dismiss and an answer to Barker's complaint.

The answer is a standard one, denying liability on the merits and raising as an affirmative defense an allegation that the plaintiff had failed to give the notice required by statute. Of more significance is the motion to dismiss, based on Tennessee Rule of Civil Procedure 12. The grounds for the motion, set out verbatim, are as follows:

(a) That this Court lacks jurisdiction over the person of this corporate defendant;

(b) That there has been an insufficiency of process in this cause;

(c) That there has been an insufficiency of service of process in this cause.

No factual allegations in support of these grounds, nor any other details, are included in the motion.

The record indicates no further elaboration and no action on the motion to dismiss until March 16, 1988, when Heekin Can filed a motion for summary judgment some two and one-half years after its initial responsive pleading was filed. In the motion for summary judgment, the company alleged that between the time of the plaintiff's purported injury in July 1984 and the commencement of her action in June 1985, it had "sold its [Memphis] plant to an entity known as Peacher Schwank Plastics" and further, that the two companies "are separate entities and have no relationship other than as seller and buyer of the Memphis facility." Hence, the defendant alleged, the alias summons executed on October 3, 1985, was actually served on Peacher Schwank Plastics Co. and was insufficient to provide notice to Heekin Can Company.

In response to the motion for summary judgment, the plaintiff moved to amend the complaint to add Fireman's Fund Insurance Company as a party defendant and asked that the amendment be related back to the commencement of the lawsuit on June 26, 1985. The trial court ultimately allowed both the amendment and its relation back, but did not accept the plaintiff's argument that she should also be allowed to institute timely service of process on Fireman's Fund by alias process. In the same order, the trial judge entered summary judgment in the defendants' favor, as noted, without giving any indication of the legal basis for that judgment.

The plaintiff now argues that summary judgment for insufficiency of process was inappropriate under the circumstances of this case, on the ground that the new party defendant, Fireman's Fund, had actual notice of the lawsuit, as evidenced by correspondence between the insurance company and plaintiff's counsel. Barker further argues that there is a material dispute of fact as to whether Heekin Can and Peacher and Schwank Plastics were two separate entities for purposes of service of process in this case. She offers a deposition taken from an official of Heekin Can, who described the transfer of the Memphis plant as dependent upon a 60-month lease-purchase agreement which began in February 1985 and had not yet terminated at the time of the deposition in July 1989. The manufacturing business carried on at the plant was the same under both companies.

The plaintiff also argues that, whatever the arrangement between the two companies, acceptance of service by "Harold Townsend, Gen. Mgr." was legally and factually sufficient because the summons actually reached Heekin Can and its attorney, as evidenced by the answer filed on behalf of Heekin Can within 30 days after service was accepted by Townsend. The plaintiff cites as support for this proposition the case of *Garland v. Seaboard Coastline R. Co.*, 658 S.W.2d 528 (Tenn.1983), in which we discoursed on the remedial nature of our service of process requirements and the need to construe them liberally in favor of a finding of effective service. In *Garland*, we cautioned against "narrow and technical definitions ... [which] are inconsistent with the apparent purpose of T[ennessee] R[ule of] C[ivil] P[rocedure] 4.04, to insure that process is served in a manner reasonably calculated to give a party defendant adequate notice of the pending judicial proceedings." *Id.* at 530. Furthermore, in *Garland* we embraced the construction used by the federal courts to determine sufficiency of service under the federal counterpart of Rule 4.04, reiterating that the rule "does not require that service be

made solely upon a restricted class of formally titled officials, but rather permits it to be made upon a representative so integrated with the organization that he will know what to do with the papers." *Id.* at 531. In this case, the plaintiff insists, regardless of his position, the person accepting service clearly "knew what to do with the papers," since they ended up in the proper hands and produced an appropriate and timely response on the merits from defendant Heekin Can.

The factual record in this case is not sufficiently developed to permit us to determine whether the rule in *Garland* is applicable here. However, we find it unnecessary to resolve heretofore unresolved questions of fact in order to decide the case. Instead, we conclude that Heekin Can has waived any right it has to raise the issue of effective process.

Sufficiency of personal service, as required in Rule 4, T.R.C.P., is subject to challenge under Rule 12.02(5) either in the adverse party's responsive pleading or, optionally, by motion to dismiss. Although Rule 12 contains no specificity requirements, Rule 8, which sets out "general rules of pleading," clearly does. Rule 8.03 requires that "a party shall set forth affirmatively facts in short and plain terms relied upon to constitute ... an avoidance or affirmative defense."

In challenging the sufficiency of service in this case, Heekin Can was certainly interposing "an avoidance," procedurally speaking. In order to comply with Rule 8.03, it should have included in its motion to dismiss a recitation of those facts, "in short and plain terms," upon which it was relying for dismissal. The failure to do so constitutes a waiver of the matter raised in the motion.

This result is consistent with the rule set out in the analogous case of *Goss v. Hutchins*, 751 S.W.2d 821 (Tenn.1988). There, the challenge was to capacity, which is specifically treated in Rule 9.01, T.R.C.P. That rule requires the adverse party to raise the issue of capacity to sue or be sued "by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." We held in *Goss* that the failure to plead such particulars constitutes a waiver of the issue of capacity. *Id.* at 826.

The flaw in *Goss* was the institution of the lawsuit against the estate of a deceased, rather than in the name of her personal representative. The defect here is not the same, nor, strictly speaking, is it similar, since it involves service rather than capacity. Given the facts of the instant case, however, the situation is certainly analogous, because the capacity of "Harold Townsend, Gen. Mgr." to accept service on behalf of Heekin Can is a matter peculiarly within the knowledge of Heekin Can. If Townsend was without such authority, Heekin Can should have said so in "short and plain terms" in its motion to dismiss.

The reason for such a rule is obvious. As noted in *Goss*, the filing of "a specific negative averment will likely result in a prompt curative amendment by plaintiff," *id.* at 826, thus preventing the dismissal of an otherwise meritorious claim on purely technical grounds. Certainly, if Heekin Can had said in its responsive pleading, in plain terms, that it and Peacher Schwank Plastics were separate entities, that Harold Townsend had no authority to accept service for Heekin Can, and that Heekin Can was no longer doing business in Tennessee, then the plaintiff would have been able to effect service of process through other, appropriate channels, as outlined in Rule 4.04.

Instead, Heekin Can waited over two years to plead facts known to it to constitute "an avoidance" from the very beginning. The company delayed despite its actual knowledge of the lawsuit and a history of efforts to settle the case between its former employee and agents for its insurance carrier. At the same time, the company not only filed an answer in timely fashion, but also carried on pretrial discovery in the case.

The Rules of Civil Procedure are not intended as a trap for the unwary, but as a means of "secur[ing] the just, speedy and inexpensive determination of every action." Rule 1, T.R.C.P. Certainly, the two and

one-half year delay in notifying the plaintiff of the technical defect in this case added nothing to the prompt dispensation of justice. We hold as a matter of law that it was improper to dismiss the case on the basis of Rule 12.02(5), if indeed that was the basis for the trial court's order, because the moving party failed to comply with Rule 8.03.

On the other hand, if the trial court intended to enter summary judgment on the merits, the order is equally inappropriate, because the only evidence now in the record supports the plaintiff's contention that she was injured on the job and that she gave adequate notice of her injury to her employer.

The judgment of the trial court is reversed, and the case is remanded for further proceedings. Costs will be taxed to appellee Heekin Can Company.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.