IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 3, 2000 Session

## SHEILA M. GOODNER and AMY L. GOODNER, v. ARTHUR SASS

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 98C0913     Hon. L. Marie Williams, Circuit Judge**

**FILED JANUARY 16, 2001**

**No. E2000-00837-COA-R3-CV**

The Trial Judge granted defendant's Motion to Dismiss for insufficient process. We reverse and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Conrad Finnell, Cleveland, Tennessee, for appellants, Sheila M. Goodner and Amy L. Goodner.

Donald Strickland, Chattanooga, Tennessee, for appellee, Arthur Sass.

### OPINION

The Trial Judge, responding to a Motion to Dismiss, dismissed plaintiffs' Complaint on the grounds of insufficient process and service of process. Plaintiffs have appealed.

Chronology is material to the outcome of this case.

| | |
|---|---|
| The accident occurred on | September 8, 1997. |
| The Complaint was filed | May 5, 1998 |
| Process was served on defendant | July 9, 1998 |
| and returned to the Court | July 14, 1998. |
| An alias summons and complaint issued | July 16, 1998. |

| | |
|---|---|
| Defendant filed an answer to the original complaint and summons. | July 28, 1998. |
| The alias summons and complaint were served on defendant. | August 19, 1998 |
| and returned to Court | August 24, 1998. |
| The parties engaged in discovery, including the taking of depositions on | Between August 19,1998 and September 8, 1999 July 28, 1999. |
| Defendant filed a Motion to Dismiss on the grounds of insufficient service of process. | September 8, 1999 |
| The Trial Court dismissed plaintiffs' Complaint, based upon the Motion to Dismiss. | January 27, 2000 |

The crux of the Plaintiffs' argument is that the Defendant waived any objection to defects in the second service of process by failing to timely respond and by continuing with discovery in the case for more than one year from the time of the service in question.

The Tennessee Rules of Civil Procedure specifically address the defense of insufficient process. Rule 12.02 provides that this defense, among others, "shall be asserted in the responsive pleading," or "may at the option of the pleader be made by motion in writing." Rule 8 sets out the general rules of pleadings, which apply to the affirmative defenses, including insufficiency of process. Rule 8.03 requires that "a party shall set forth affirmatively facts in short and plain terms relied upon to constitute . . . an avoidance or affirmative defense." The Rules of Civil Procedure also provide for the waiver of such a defense. Rule 12.08 states that "[a] party waives all defenses and objections which the party does not present either by motion as hereinabove provided, or, if the party has made no motion, in the party's answer or reply."

As a general rule, defects in process, service of process, and return of service may be waived. The Tennessee Rules of Civil Procedure expressly state that where the issue is not raised properly, the defendant waives the objection. The failure of a defendant to challenge insufficiency of process in accordance with Rule 8.03 will constitute a waiver of the matter raised in a motion. *Barker v. Heekin Can Co.*, 804 S.W.2d 442 (Tenn. 1991), *accord: Goss v. Hutchins*, 751 S.W.2d 821 (Tenn. 1988). It is also generally held that a defendant may also, by his conduct, be estopped to object that proper service was not made. See generally, 72 C.J.S *Process* § 99 (1987); 108 ALR Fed 887 (19**). Such conduct may include participating in discovery, *Martin v. Mills*, 138 F.R.D. 151, 153 (S.D.Ga. 1991); *Federal Deposit Insurance Corp. v. Denson*, 139 F.R.D. 346, 348 (S.D.Miss. 1990), in addition to failing to raise the issue of insufficiency of service clearly or with the necessary specificity. See *Barker* at 443, and *Green v. Mapco Petroleum, Inc.*, 133 F.R.D. 506 (W.D.Tenn. 1990).

Defendant adequately responded to the first service of process that was served late,

by raising the issue in his Answer to the Plaintiffs' Complaint. However, due to this defect in service, the Plaintiffs issued an alias process, and upon service, the defendant did not timely respond to that summons and complaint. The parties engaged in discovery, and defendant waited until one year had passed before filing his motion for summary judgment, raising the issue of insufficiency of process. We hold that because defendant did not timely and adequately raise the issue of sufficiency of process, and instead engaged in discovery while waiting for the statute of limitations to run, waived this defense and is estopped from raising the defense in his motion.

Defendant relies on *Adams v. Carter County Memorial Hospital*, 548 S.W.2d 307 (Tenn. 1977), *First Tennessee Bank, N.A. v. Dougherty*, 963 S.W.2d 507 (Tenn. Ct. App. 1997), and *Little v. Franceschini*, 688 S.W.2d 91 (Tenn. Ct. App. 1985), to sustain his position. The stated cases do not address the issue of when a defendant has waived the strict requirements of service of process or is estopped from raising that defense. But they deal with the effect of defective service on statutes of limitations or savings statues. There is no dispute in this case about the fact that both summonses were served late upon the defendant, and plaintiffs has not tried to re-file their claim outside the applicable statute of limitations.

Next, defendant argues that because he raised, with specificity, the issue of insufficient service of process in his answer, he did not waive his right to raise this issue as to the second service of process in his Motion to Dismiss, and cites the following language in *Toler v. City of Cookeville*, 952 S.W.2d 831 (Tenn. Ct. App. 1997):

> Plaintiffs contend that Defendant's filing of the answer indicated that he had actual notice. Thus, according to Plaintiffs, Defendant is precluded from complaining about defects in service of process, the object of which is to give notice. However, the Rule fully contemplates and even mandates the inclusion of this defense in the answer. To the extent that prior judicial decisions hold that such action on the part of a defendant constitutes a waiver of such defenses, they have been overruled.

*Toler*, at 835.

This analysis does not apply to the facts in this case. Defendant's answer was filed after the first service of process, but before the second service of process. Accordingly, the answer cannot be found to specifically address the second service of process, and the rules require that "a party shall set forth affirmatively facts in short and plain terms relied upon to constitute . . . an avoidance or affirmative defense." If the defendant wished to object to the second service of process, he was required to again comply with the Rules of Civil Procedure, which he failed to do.

While dealing with a different type of defect in the service of process, the Tennessee Supreme Court decision in *Barker*, is instructive. In *Barker* when plaintiff filed her complaint, a summons was issued to the Heekin Can Company, but was returned unexecuted, purportedly due

to the fact that the company was no longer in business at the stated address. Counsel for Plaintiff filed an alias summons directed to "Heekin Can Company, a/k/a Pearcher [sic] and Schwank Plastics." The process server was directed to serve "any authorized agent for service of process at 4467 Delp, Memphis Tennessee. The summons was ostensibly served on October 3, 1985 to one "Harold Townsend, Gen. Mgr."

Defendant Heekin Can filed a response on October 31, 1985, incorporating both an answer to the complaint denying liability along with a motion to dismiss based on insufficient process. No factual allegations in support of the motion to dismiss were included. Heekin Can filed a motion for summery judgment in March of 1988, two and one-half years after its initial responsive pleading was filed. In the motion, the company alleged that between the time of injury and the commencement of the action, it had sold its Memphis plant to an entity known as Peacher Schwank Plastics, and that the two companies are entirely separate entities, and that service on Peacher Schwank Plastics was insufficient to provide notice to Heekin Can Company.

The Supreme Court held that Heekin Can had waived its right to raise the issue of sufficiency of process and found that the motion to dismiss that accompanied the Answer was insufficient to preserve the issue because it lacked requisite specificity. The Court also held that Heekin Can, by waiting over two years to plead facts that would constitute an avoidance and carrying out pre-trial discovery, and belatedly raising its affirmative defense did not comply with the Rules. The Court observed:

> The Rules of Civil Procedure are not intended as a trap for the unwary, but as a means of "secur[ing] the just, speedy and inexpensive determination of every action." Rule 1, T.R.C.P. Certainly, the two and one-half year delay in notifying the plaintiff of the technical defect in this case added nothing to the prompt dispensation of justice.

804 S.W.2d at 444-445.

We hold the defendant violated the letter and spirit of the Rules, by not timely filing an affirmative defense to the second service of process. T.R.C.P. Rules 1 and 8.03. We reverse the judgment of the Trial Court in dismissing this action, and remand to the Trial Court for further proceedings consistent with this Opinion.

The cost of the appeal is assessed to defendant, Arthur Sass.

_____
HERSCHEL PICKENS FRANKS, J.

-4-