# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **UNITED AMERICAN BANK** **OF MEMPHIS,** | ) ) ) | |
| Plaintiff/Appellee, | ) ) | Shelby Law No. 64144 |
| **vs.** | ) ) | Appeal No. 02A01-9605-CV-00094 |
| **MYLAN FINANCIAL SERVICES, INC.,** | ) ) | |
| Defendant, | ) ) | |
| **and STANLEY R. WAXMAN,** | ) ) | |
| Defendant/Appellant. | ) | |

| | | |
|---|---|---|
| **STANLEY R. WAXMAN,** | ) ) | |
| Plaintiff/Appellant, | ) ) | Shelby Equity No. 107276-2 (Consolidated with Shelby Law No. 64144 on appeal) |
| **vs.** | ) ) | |
| **UNITED AMERICAN BANK** **OF MEMPHIS,** | ) ) ) | Appeal No. 02A01-9608-CH-00184 (Consolidated with No. 02A01-9605-CV-00094 |
| Defendant/Appellee. | ) ) | on appeal) |

### APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE

### THE HONORABLE JANICE HOLDER, JUDGE

For the Defendant/Appellee:                For the Plaintiff/Appellant:

Richard J. Myers                                    Stanley R. Waxman, Pro Se
Memphis, Tennessee                             Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

## OPINION

This case involves an action to recover on a loan guarantee. The trial court entered a judgment in favor of the plaintiff bank against the individual guarantor. We affirm.

Plaintiff/Appellee United American Bank of Memphis ("UAB") loaned Defendant Mylan Financial Services, Inc. ("Mylan") $50,300, which was to be repaid, with interest, in ninety days. Mylan's president and board chairman, Defendant/Appellant Stanley R. Waxman ("Waxman"), signed a personal guaranty to secure the loan. The guaranty states, in pertinent part, that Waxman:

> . . . jointly and severally guarantee[s] the full and prompt payment to said Bank [UAB] . . ., howsoever evidenced, whether now existing or hereafter created or arising, whether . . . through discount, overdraft, purchase, direct loan or as collateral, or otherwise; and [Waxman] further agree[s] to pay all expenses, legal and/or otherwise. . . .
>
> * * *
>
> This guaranty shall be a continuing, absolute and unconditional guaranty, and shall remain in full force and effect . . . until any and all said indebtedness . . . shall be fully paid.

Waxman then assigned 100,000 shares of Members Service Corporation stock to UAB as collateral for the loan. The guarantee stated expressly that it was unaffected by UAB's action, or inaction, with respect to any collateral:

> The liability hereunder shall in no wise be affected or impaired by . . . any acceptance by said Bank of any security . . . or by any failure, neglect or omission on the part of said Bank to realize upon or protect any. . . collateral or security.
>
> [T]here shall be no obligation on the part of the said Bank at any time to first . . . exhaust its remedies against. . . any collateral, security, property, liens or other rights whatsoever.

During the ninety days leading up to the due date on the loan, Waxman made some interest payments. During this period the value of the stock, originally $2.625 per share, fell to nearly nothing. When the debt became due, UAB extended the due date by four days, and Waxman allegedly paid $10,000 towards the principle of the loan. When final payment was demanded, both Mylan and Waxman refused to pay. UAB then filed suit against both.

In Waxman's answer, he admitted the debt and his obligation as guarantor. His primary defense was that UAB had a duty to liquidate the stock when the value started dropping, when such liquidation would have paid off the debt, and that UAB failed to do so. Waxman argues UAB should therefore be barred from seeking recovery against him as guarantor.

UAB filed a motion for summary judgment. The trial court denied UAB's motion in order to allow Waxman to conduct discovery. UAB eventually renewed its motion for summary judgment.

In its motion for summary judgment, UAB noted that Waxman's answer admitted the following:

1. Mylan and Waxman entered into the Note and Guaranty;
2. The Note requires the defaulting party to pay all costs of collection, including attorney's fees;
3. The Guaranty obligates Waxman to pay the loan evidenced by the Note plus interest and expenses;
4. The loan evidenced by the Note is in default;
5. The amount due on the Note as of August 19, 1994 is $41,388.06 in principal and interest with interest accruing at a rate of $9.73 thereafter.

Waxman denied only the late charges due on the account, stating that they were "not in accord with Note." UAB maintained that the only evidence upon which Waxman relied was his own testimony that he was told by a UAB officer that if the price of the stock pledged as collateral fell below a certain level, he "would have to sell the securities." UAB asserted that this evidence was inadmissible parol evidence which directly contradicted the plain terms of the guaranty.

In a brief order, the trial court granted summary judgment in favor of UAB. The trial court subsequently held a hearing on damages, and entered judgment for UAB in the amount of $56,450.98 in principal, interest, late fees and attorney's fees. Waxman then filed several post judgment motions, which were denied. Waxman now appeals the grant of summary judgment in favor of UAB and the trial court's denial of Waxman's post-trial motions.

This Court must determine whether summary judgment was properly granted in this case. Summary judgment is appropriate where there is no genuine issue of material fact relevant to the claim or defense contained in the motion, and the moving party is entitled to a judgment as a matter of law. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). In our consideration of whether the motion for summary judgment was properly granted in this case, we must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Byrd*, 847 S.W.2d at 210-11.

Waxman argues that the trial court erred in granting UAB's motion for summary judgment. UAB contends that summary judgment was appropriate because Waxman admitted the debt in his answer and because Waxman had no evidence to support his affirmative defense except inadmissible parol evidence. UAB also maintains that the guaranty Waxman signed stated that Waxman was responsible for the loan even if UAB failed "to realize upon or protect" any "collateral or security."

2

In *Marriott Employees' Federal Credit Union v. Harris*, 897 S.W.2d 723 (Tenn. App. 1994), the borrower claimed that the financial institution had a duty to monitor the market value of the stock pledged as collateral for the loan. This Court found that Tennessee's Uniform Commercial Code ("U.C.C.") establishes a duty on the part of a secured party to preserve pledged collateral. *Id.* at 727. This duty requires the secured party to "use reasonable care in the custody and preservation of collateral in his possession." *Id.* (quoting Tenn. Code Ann. § 47-9-207(1) (1992)). However, the duty was defined to refer to the <u>physical</u> protection of the collateral, not the diminution in value of pledged stock: "The pledgee is not liable for a decline in value of pledged instruments, even if timely action could have prevented such decline." *Id.* (quoting *Restatement of Security* § 18 cmt. a. Therefore, in the absence of an express agreement to monitor the value of the stock, UAB did not owe Waxman a duty to monitor its value.

The guaranty signed by Waxman states expressly that it is unaffected by any failure by UAB to "realize upon or protect" the stock, and that UAB had no obligation to first "exhaust its remedies" as to the stock. Waxman sought to introduce his testimony that a UAB officer promised to sell the stock if its value fell below a certain level, an alleged oral agreement in direct contradiction to the plain terms of the guaranty. "Where [an agreement] is an unconditional promise on its face, parol evidence is inadmissible to show an oral condition." *Farmers & Merchants Bank v. Petty*, 664 S.W.2d 77, 81 (Tenn. App. 1983) (citing *Seaton v. Dye*, 37 Tenn. App. 323, 263 S.W.2d 544 (1954)); *see also Harry J. Whelchel Co., Inc. v. Ripley Tractor Co.*, 900 S.W.2d 691, 693-94 (Tenn. App. 1995). Because Waxman's only evidence of a duty by UAB to sell the stock before its value fell was inadmissible parol evidence that directly contradicted the express terms of the guaranty, the trial court's implicit ruling in UAB's favor on this issue is affirmed.

Waxman also argues that the trial court erred in denying his second motion to compel. He maintains that UAB gave incomplete answers to his interrogatories and request for production of documents. UAB claims it provided all appropriate discovery, that any failure of the court to compel discovery was caused by Waxman's never setting a court date to hear his first motion, and that Waxman had no evidence that UAB had not fully complied with discovery requests other than references to documents in his possession that UAB had allegedly not given him. Trial court decisions regarding pretrial discovery rest within the "sound discretion" of the trial court. *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992). Such decisions shall not be reversed on appeal unless

3

that discretion was abused. *Id.* After reviewing the record, we find no abuse of discretion, and affirm the trial court on this issue.

Waxman appeals the trial court's denial of his post-judgment motion regarding the amount of damages awarded to UAB. In his motion, Waxman requested that the trial court set aside the judgment against him because UAB relied upon perjured testimony and falsified documents in pursuing its claim on summary judgment. Waxman alleged that UAB officials misstated the per diem amount owed on the account, and pointed out other alleged bookkeeping errors that he believes resulted in the trial court awarding damages greatly in excess of what was truly owed. In support of his assertion, Waxman attached copies of bank records pertaining to his account, with the bookkeeping mistakes highlighted for the court's convenience. In this motion, Waxman also alleged that Allison Vinberg, the manager of Waxman's commercial loan portfolio who identified the records during the hearing on damages, perjured herself by attesting to the veracity of these documents. The record does not show that Waxman raised this issue during the damages hearing, but rather after summary judgment had been granted to UAB. There is no indication in the record that this information was not available prior to the entry of judgment. The decision to deny Waxman's motion for relief was within the trial court's discretion and will not be reversed absent a finding of abuse. *See Banks v. Dement Const. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991). The record does not indicate that the trial court abused its discretion. Consequently, the trial court is affirmed on this issue.

Waxman next argues that the trial court erred in failing to grant a number of his remaining post-judgment motions, filed after summary judgment was entered against him. In these motions, Waxman asserted improper service of process, and moved to amend his answer to include affirmative defenses of breach of fiduciary duty, breach of contract, fraud, misrepresentation, and breach of the covenant of good faith and fair dealing.

With a few specified exceptions, under Rule 12 of the Tennessee Rules of Civil Procedure, defenses must be raised in the pleading or motion filed in response to the complaint. If not, they are deemed waived. *See Barker v. Heekin Can Co.*, 804 S.W.2d 442, 444 (Tenn. 1991). In this case, Waxman first raised these defenses in motions filed after summary judgment was entered in favor of UAB. Consequently, they are waived. The trial court denied Waxman's motions for lack of jurisdiction; however, this Court can affirm the result on different grounds. *See Continental Cas.*

4

*Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986).  Therefore, the trial court's denial of Waxman's remaining post-judgment motions is affirmed.

The decision of the trial court is affirmed.  Costs are taxed against the Appellant, for which execution may issue if necessary.


                                                **HOLLY KIRBY LILLARD, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P. J., W.S.**


**ALAN E. HIGHERS, J.**