# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
March 5, 2013 Session

# WILL J. MILTON v. SAEED ETEZADI, M.D.

**Appeal from the Circuit Court for Knox County**
**No. 3-92-07      Wheeler Rosenbalm, Judge**

---

**No. E2012-00777-COA-R3-CV-FILED-MAY 3, 2013**

---

This case presents the issue of whether proper service of process was accomplished regarding the defendant, Saeed Etezadi, M.D.  Plaintiff, Will J. Milton, filed a medical malpractice action against Dr. Etezadi on April 14, 2003.  The complaint and summons were served upon Dr. Etezadi's office manager, with a notation appearing on the summons that service was accepted as "agent."  Dr. Etezadi filed an answer which, *inter alia*, raised the affirmative defense of insufficiency of service of process.  Mr. Milton voluntarily dismissed that action and subsequently re-filed within one year of the non-suit.  In connection with the second action, the complaint and summons were allegedly served upon Dr. Etezadi at his office.  Dr. Etezadi filed an Answer, again raising the affirmative defense of insufficiency of service of process.  Dr. Etezadi also asserted that all applicable statutes of limitation and repose had expired.  He later filed a motion to dismiss.  Following the hearing, the trial court dismissed the claims against Dr. Etezadi, finding that there was no service of process in either action.  Mr. Milton appeals.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

Ronald L. Grimm and William W. McGowan, III, Knoxville, Tennessee, for the appellant, Will J. Milton.

Wynne du M. Caffey, Knoxville, Tennessee, for the appellee, Saeed Etezadi, M.D.

## OPINION

### I. Factual and Procedural Background

The original action filed by Mr. Milton alleged that Dr. Etezadi negligently treated Mr. Milton's gastroesophageal reflux and that he deviated from the appropriate standard of care. The process server's return reflected that the summons was served upon and "accepted by Cheryle Kate as agent for" Dr. Etezadi. In his answer, Dr. Etezadi stated that he "specifically pleads the defense of improper or lack of service of process, and by filing this Answer does not waive the same." Dr. Etezadi did not, however, state any factual basis for this affirmative defense. Mr. Milton later filed a notice of voluntary dismissal, and the trial court dismissed his claims without prejudice.

Mr. Milton re-filed his lawsuit approximately eight months later. The process server's return, bearing the date March 14, 2007, provided as follows:

> [x] served this Summons and Complaint on the defendant(s) in the following manner: at office 2:27 p.m.

The return is signed by the process server and contains an identifying number.

Dr. Etezadi filed an answer and raised several affirmative defenses, including expiration of the statutes of limitation and repose, insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction. Through his answer, Dr. Etezadi expressly stated that he "was not personally served." The lawsuit languished for over three years, with Dr. Etezadi eventually filing a motion to dismiss for failure to prosecute. A companion motion to dismiss for insufficiency of process and service, as well as expiration of the statutes of limitation and repose, was also filed.

The trial court conducted a hearing on the motions on March 2, 2012, concluding that Dr. Etezadi's motion regarding insufficiency of service of process should be granted. In dismissing Mr. Milton's action, the court found as follows:

> Upon the oral argument of counsel for the parties, the record as a whole and for good cause shown, the Court finds that there was no service of process on Dr. Etezadi and no service of process on any appointed agent for Dr. Etezadi in the original action, Docket No. 1-233-03, or in the present action, Docket No. 3-92-07. Accordingly, the Motion to Dismiss for Insufficiency of Process, Insufficiency of Service of Process and Lack of Personal Jurisdiction in both instances is GRANTED. It is further ORDERED, ADJUDGED AND

DECREED that this action is dismissed with prejudice and the costs of this action are taxed to the Plaintiff . . . .

Mr. Milton timely appealed.

## II. Issues Presented

Mr. Milton presents two issues for our review, which we have restated as follows:

1.     Whether Dr. Etezadi waived the affirmative defense of insufficiency of service of process in the original action by failing to plead the factual basis for the defense pursuant to Rule 8.03 of the Tennessee Rules of Civil Procedure.

2.     Whether in the second action the trial court erred in finding Dr. Etezadi's testimony sufficient to overcome the presumption of proper service based on the process server's return and therefore erred in finding Dr. Etezadi was not properly served.

## III. Standard of Review

The trial court dismissed Mr. Milton's action based upon Dr. Etezadi's motion to dismiss for insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction. Such a motion is presented pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure, subsections (2), (4), and (5). *See McNeary v. Baptist Mem'l Hosp.*, 360 S.W.3d 429, 436 (Tenn. Ct. App. 2011).

It is well settled that a motion to dismiss pursuant to Rule 12.02

tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions de novo with no presumption of correctness.

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997) (internal citations omitted); *see also McNeary*, 360 S.W.3d at 436; *Faulks v. Crowder*, 99 S.W.3d 116, 125 (Tenn. Ct. App. 2003).

In *McNeary*, the defendant's motion to dismiss asserted a lack of proper service of process and personal jurisdiction. *Id.* In ruling on the motion, the trial court considered matters outside the pleadings. *Id.* On appeal, this Court stated:

> Before reaching the issues, we first note that this case was decided as a Tennessee Rule of Civil Procedure 12 motion to dismiss; however, as discussed above, the trial court obviously considered matters outside the pleadings. Tennessee Rule of Civil Procedure 12.03 provides that: "[i]f, on a motion [to dismiss], matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." However, the Tennessee Supreme Court has previously held that this general rule is inapplicable when the motion is one involving jurisdictional issues. *See Nicholstone Book Bindery, Inc. v. Chelsea House Publishers*, 621 S.W.2d 560, 561 n. 1 (Tenn.1981) (finding that the trial court committed harmless error in treating the defendant's motion to dismiss for lack of personal jurisdiction as one for summary judgment). Although neither party raises this as an issue, under the *Nicholstone* holding, the trial court correctly treated this as a motion to dismiss.

*Id.* Similarly, in the case at bar, even though the trial court considered matters outside the pleadings, the motion was still properly treated as a motion to dismiss since it involves issues of service of process and jurisdiction.

## IV. Waiver

Mr. Milton argues that Dr. Etezadi waived the affirmative defense of insufficiency of service of process by failing to properly set forth the facts upon which he relied when asserting this defense in the original action. In support of his argument, Mr. Milton relies upon Tennessee Rule of Civil Procedure 8.03.

Rule 8.03 governs affirmative defenses and provides:

> In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute accord and satisfaction,

arbitration and award, express assumption of risk, comparative fault (including the identity or description of any other alleged tortfeasors), discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, statute of repose, waiver, workers' compensation immunity, and any other matter constituting an affirmative defense.

The courts of this state have held that Rule 8.03 applies to the defense of insufficiency of service of process. *See Barker v. Heekin Can Co.*, 804 S.W.2d 442, 444 (Tenn. 1991); *Faulks*, 99 S.W.3d at 125. According to this Court's opinion in *Faulks*:

> As a general rule, defects in process, service of process, and return of service may be waived. The Tennessee Rules of Civil Procedure expressly state that where the issue is not raised properly, the defendant waives the objection. The failure of a defendant to challenge insufficiency of process in accordance with Rule 8.03 will constitute a waiver of the matter raised in a motion.

*Faulks*, 99 S.W.3d at 125.

Dr. Etezadi contends that he did not waive the defense of insufficiency of service of process because he pled it in his original answer by stating, "Dr. Etezadi specifically pleads the defense of improper or lack of service of process, and by filing this Answer does not waive the same." We disagree. Dr. Etezadi did not state any factual basis for the defense. Both the Tennessee Supreme Court and this Court have consistently held that in order to preserve this affirmative defense, the defendant must set forth the facts forming the basis for same. *See Hall v. Haynes*, 319 S.W.3d 564, 584-585 (Tenn. 2010); *Barker*, 804 S.W.2d at 444; *Allgood v. Gateway Health Sys.*, 309 S.W.3d 918, 925 (Tenn. Ct. App. 2010); *Eaton v. Portera*, W2007-02720-COA-R3-CV, 2008 WL 4963512 at *3 (Tenn. Ct. App. Nov. 21, 2008). In order to properly preserve this defense, Dr. Etezadi should have stated the underlying factual basis, i.e., that Ms. Kate was not his authorized agent and that he was not personally served as required by Rule 4 of the Tennessee Rules of Civil Procedure. This determination, however, does not conclude our review of the issue.

Dr. Etezadi further posits that Mr. Milton did not properly raise the issue of waiver in the trial court and therefore cannot raise it for the first time on appeal. We agree. As this Court has often stated, issues are considered waived on appeal by the failure to present them at the trial court level. *Hall*, 319 S.W.3d at 584; *see also Novack v. Fowler*, W2011-01371-COA-R9-CV, 2012 WL 403881 (Tenn. Ct. App. Feb. 9, 2012). In *Novack*, the plaintiff raised the issue on appeal of whether the defendant had waived the affirmative defense of insufficient service of process by failing to set forth a short and plain factual statement as a

basis for the defense. *Novack*, 2012 WL 403881 at *5. This Court reviewed the record and determined that the plaintiff had not raised this issue at the trial court level, either in her response in opposition to the motion for summary judgment or at the summary judgment hearing. *Id.* Consequently, this Court ruled that the plaintiff's argument (that defendant had waived the defense of insufficient service of process) was waived by her failure to raise it in the trial court. *Id.*

In the present case, Mr. Milton filed a response in opposition to Dr. Etezadi's motion to dismiss without specific reference to or reliance upon the doctrine of waiver or Rule 8. Similarly, at the motion hearing, Mr. Milton's counsel argued that the service of process on Dr. Etezadi was proper without presenting any argument with regard to Rule 8 or Dr. Etezadi's failure to state the factual basis for the defense of insufficiency of service of process. Mr. Milton's counsel did make a vague reference to waiver in general during the motion hearing, when the following colloquy occurred:

The Court:     You're saying the defendant waived the right to rely upon this?
Counsel:       Yes, sir.
The Court:     By doing what?
Counsel:       By going ahead and defending the case, taking depositions and
               not raising the issue when the first case was non-suited. They
               didn't raise the issue before that non-suit.
The Court:     They put it in the answer to the first case, did they not?
Counsel:       I'm not arguing. It's there, there is no question about that.

Mr. Milton's counsel was not relying on Rule 8 or Dr. Etezadi's failure to state the factual basis for the defense of insufficient service, as he indicated that the defense had been raised in the first answer. The trial court proceeded with the hearing on the question of sufficiency of service of process. The record supports our determination that Mr. Milton did not properly raise the Rule 8 waiver issue at the trial court level. We therefore conclude that Mr. Milton has waived this issue on appeal. *See Dye v. Witco Corp.*, 216 S.W.3d 317, 321 (Tenn. 2007).

V.  Insufficiency of Service of Process

The controlling question on appeal therefore becomes whether the service of process in the original action was proper. This issue is determinative because if service of process in the original action was insufficient, the second action is barred by the one-year statute of limitations, which had expired[1] before the second action was filed.

_____

[1] The original action was filed in April 2003, alleging that the claims arose from Mr. Milton's
(continued...)

Rule 3 of the Tennessee Rules of Civil Procedure provides:

> If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

As our Supreme Court has explained in *Hall*:

> Here, Plaintiff obtained timely issuance of process in conjunction with both the original and amended complaints. For the reasons stated supra, however, process was not effectively served on either complaint within the ninety-day window. Because Plaintiff did not obtain issuance of new process within one year of the issuance of the previous process, Plaintiff cannot rely on the filing of the original lawsuit to toll the statute of limitations.

319 S.W.3d at 585. In this case, if Mr. Milton did not accomplish proper service of process upon Dr. Etezadi within 90 days of issuance of the original process, he cannot rely on the filing of the first action to toll the running of the statute of limitations unless he obtained issuance of new process within one year from issuance of the previous process. Likewise, the saving statute[2] would not apply to allow filing of the second action because the first action was untimely. The second action would also be barred by the applicable statute of repose.[3]

---

[1](...continued)
diagnosis in May 2002. The second action was filed on February 27, 2007, after Mr. Milton non-suited the first action in 2006.

[2] Tennessee Code Annotated § 28-1-105 is commonly known as the saving statute and provides: "If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest."

[3] "In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists." Tenn. Code Ann. § 29-26-116(a)(3).

The undisputed facts establish that service of process in the original action was not made on Dr. Etezadi personally, but rather was accomplished upon his office manager, Cheryle Kate. The process server noted on the return that service of process was made upon and "accepted by Cheryle Kate as agent for" Dr. Etezadi. Dr. Etezadi testified by deposition, however, that he never appointed Cheryle Kate as his agent for service of process and never authorized her to accept service on his behalf.

Dr. Etezadi posits that Rule 4 of the Tennessee Rules of Civil Procedure requires personal service, which he asserts was never accomplished in this case. Pursuant to Rule 4.04, service upon a defendant within the state shall be made as follows:

> Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

The process server from the original action filed an affidavit stating that it was her "practice" upon receiving a summons to be served to contact the defendant before attempting service of process. The affiant further indicated that if the defendant was unavailable to accept service personally, she would request the defendant appoint someone to accept service on his or her behalf. Notably, the process server did not set forth any factual allegations specific to this case. She simply testified as to what had been her general "practice" in the past. Dr. Etezadi categorically denied that anyone contacted him about service of process or that he had appointed anyone to accept service on his behalf. There was no proof in the record from Ms. Kate. Dr. Etezadi's assertion that he never authorized Ms. Kate to accept service of process on his behalf is thus undisputed.

Our Supreme Court has expressly held that personal service of process is the preferred method of service upon an individual defendant pursuant to Rule 4. *Hall*, 319 S.W.3d at 572. Service may also be had upon "an agent authorized by appointment or by law to receive service on behalf of" the defendant. *Id.* The Court made clear that "[i]n the workplace context, service is not effective when another employee whom the individual defendant has not appointed as an agent for service of process nonetheless accepts process on the defendant's behalf." *Id.* Rather, an authorized agent must either have express authority from the defendant to accept service on his behalf or implied authority stemming from "some act or acquiescence of the principal." *Id.* at 573. The record must contain "evidence that the

-8-

defendant intended to confer upon [the] agent the specific authority to receive and accept service of process for the defendant." *Id.* (citing *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002)). *See also Eaton v. Portera*, 2008 WL 4963512 at *3(service on physician's assistant was insufficient where plaintiff did not show that assistant was authorized agent for physician).

Mr. Milton provided no proof that Ms. Kate was Dr. Etezadi's authorized agent for receipt of service of process. Mr. Milton has the burden of proof on this issue. *See Eaton,* 2008 WL 4963512 at *4. There is no evidence in the record that Dr. Etezadi intended to confer upon Ms. Kate the specific authority to receive and accept service of process on his behalf. *Hall*, 319 S.W.3d at 573. We determine that service of process upon Ms. Kate as Dr. Etezadi's "agent" was therefore ineffective. The trial court properly ruled that there was no service of process on Dr. Etezadi in the original action. *Id.* at 574. Because there was insufficient service of process in the original action, Mr. Milton cannot rely on the filing of that action to toll the one-year statute of limitations or upon the provisions of the saving statute. *Id.* at 585. We conclude that the trial court properly dismissed Mr. Milton's claims. By reason of this determination, our review of Mr. Milton's second issue presented on appeal is pretermitted.

## VI. Conclusion

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Will J. Milton. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and the collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE