IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 26, 2009 Session

**WILLIAM ALLGOOD and ROSE ALLGOOD**
**v.**
**GATEWAY HEALTH SYSTEMS d/b/a GATEWAY MEDICAL CENTER**
**and DR. CHRISTOPHER HOFFMAN**

**Appeal from the Circuit Court for Montgomery County**
**No. MC-CC-CV-MA-06-391      Ross H. Hicks, Judge**

_____

**No. M2008-01779-COA-R3-CV - Filed September 22, 2009**

_____

This is an appeal from a grant of summary judgment. The plaintiff patient filed a lawsuit against the defendant physician alleging medical negligence. The patient attempted personal service on the physician by leaving the summons and the complaint at the reception desk of the hospital at which the physician practiced. Eventually, the summons and the complaint were delivered to the physician. The summons stated that service would be made by the commissioner of insurance or the U.S. mail. In his answer to the complaint, the physician asserted insufficiency of service of process, and stated that the summons indicated that service was made by the commissioner of insurance through the U.S. mail. No new process was issued. After passage of time, the limitations period for the claim against the physician elapsed. The physician then filed a motion for summary judgment, alleging that the attempt at personal service was insufficient because no one at the hospital was authorized to accept service of process on his behalf, service was not re-issued so as to toll the statute of limitations, and as a result, the patient's claims were time-barred. The trial court granted summary judgment in favor of the physician. The patient appeals, arguing that the physician waived the defense of insufficiency of service of process because his answer did not include the facts supporting the defense, as required by Rule 8.03 of the Tennessee Rules of Civil Procedure. We reverse, finding that the defendant physician failed to comply with Rule 8.03, thereby waiving the defense.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Debra A. Wall, Clarksville, Tennessee, for the Plaintiffs/Appellants William Allgood and Rose Allgood

John Eskew, Suzanne M. Pearson, Dan L. Nolan, and Jennifer A. Deen, Clarksville, Tennessee, for the Defendant/Appellee Dr. Christopher Hoffman

## OPINION

### FACTS AND PROCEDURAL HISTORY

On February 2, 2006, Plaintiff/Appellant William Allgood suffered a fall at Defendant Gateway Medical Center ("Gateway") while under the care of Defendant/Appellee Christopher Hoffman, M.D. ("Dr. Hoffman"). At the time, Dr. Hoffman was a hospitalist with staff privileges at Gateway. He was not an employee of Gateway; rather, he was employed by Eagle Hospital Physicians.

On September 5, 2006, William Allgood and his wife Rose Allgood ("the Allgoods") filed this medical negligence lawsuit against Gateway and Dr. Hoffman for injuries that Mr. Allgood sustained as a result of the fall. A summons was issued for both Gateway and Dr. Hoffman on September 6, 2006.

Gateway was served by Ernie Rice, a private process server, on October 14, 2006.[1] On October 23, 2006, the summons and complaint for Dr. Hoffman was received by Linda Woodruff ("Ms. Woodruff"), who was employed by Eagle Hospital Physicians as the hospitalist coordinator stationed at Gateway. According to Ms. Woodruff's affidavit, she received the complaint and summons from a volunteer or hospital employee receptionist in an open envelope with a "post-it" note stating that the contents were for one of the Eagle Hospital physicians. Ms. Woodruff testified in the affidavit that she did not know when the papers were delivered, nor did she know how they were delivered to Gateway. She said that she gave the summons and complaint to Dr. Hoffman. The summons included three lines that could be marked to indicate the method of service. The line that was marked stated that service would be made by the "COMMISSIONER OF INSURANCE OR OTHER (SPECIFY)," and on the line next to "(SPECIFY)," the words "U.S. Mail" were handwritten.

On November 27, 2006, Dr. Hoffman filed his answer to the Allgoods' complaint, denying liability. The answer asserted the affirmative defense of comparative fault and also asked the trial court "pursuant to Tennessee Rule of Civil Procedure 12.02(5) to dismiss the complaint for insufficiency of service of process on grounds that the return certifying service of process on [Dr. Hoffman] shows that he was served by the commissioner of insurance through the U.S. mail."

The return of service was filed on December 7, 2006. The return stated in pertinent part: "I Ernie Rice SERVED THIS SUMMONS AND COMPLAINT/PETITION ON Gateway Medical Systems IN THE FOLLOWING MANNER: By delivery to above at 11:40 a.m. in Clarksville,

---

[1]Service on Gateway is not at issue.

Montgomery Co., TN." Discovery ensued, and no other attempt at service on Dr. Hoffman was made.

On July 25, 2007, Dr. Hoffman responded to the Allgoods' first set of interrogatories. One of the interrogatories asked Dr. Hoffman to state the facts supporting his affirmative defenses. Dr. Hoffman's response included the facts underlying the affirmative defense of comparative fault, but included no facts relating to insufficiency of service of process.

On March 14, 2008, Dr. Hoffman filed a motion for summary judgment. As grounds, the summary judgment motion stated that the Allgoods' claims were barred by the applicable statute of limitations because proper service of process was never made on Dr. Hoffman. In his affidavit submitted in support of the motion for summary judgment, Dr. Hoffman testified that he was not personally served with the summons and complaint; rather, he was given an open envelope with the summons and complaint by Ms. Woodruff, whose affidavit stated that she received the complaint and summons from an unnamed hospital volunteer or employee. Dr. Hoffman stated in his affidavit that Gateway was not authorized to accept service of process on his behalf and that he did not appoint any hospital employee or volunteer to accept service of process for him.

The summary judgment motion noted that, although on its face the summons stated that he would be served through the commissioner of insurance or the U.S. mail, there was no provision allowing for Dr. Hoffman to be served via the commissioner of insurance and the record contained no indication that process was issued for service through the commissioner of insurance or the U.S. mail. Dr. Hoffman argued that the Allgoods' attempt at service was not effective under either Rules 4.04(1)[2] or 4.04(5)[3] of the Tennessee Rules of Civil Procedure. Under Rule 4.04(1), Dr. Hoffman contended, because there was no attempt to evade service, service must be made by personally

_____

[2] Rule 4.04(1) provides that service shall be made as follows:

> Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04(1).

[3] Rule 4.04(5) provides that service shall be made as follows:

> Upon a nonresident individual who transacts business through an office or agency in this state, or a resident individual who transacts business through an office or agency in a county other than the county in which the resident individual resides, in any action growing out of or connected with the business of that office or agency, by delivering a copy of the summons and of the complaint to the person in charge of the office or agency.

Tenn. R. Civ. P. 4.04(5).

serving him or his agent. However, Dr. Hoffman stated, he was never personally served and he had not appointed an agent to accept service on his behalf. Under Rule 4.04(5), even assuming that service as to Dr. Hoffman would have been effective had it been made on Ms. Woodruff,[4] service was in fact not effective because Ms. Woodruff was not personally served. Therefore, the attempted service by delivering the summons and complaint to an unnamed Gateway volunteer or employee was ineffective under any provision of Rule 4.04. Accordingly, Dr. Hoffman maintained that, under Rule 3,[5] because he was not served within ninety days of the September 6, 2006 issuance of process, and the Allgoods did not have process re-issued within a year, the commencement of the action did not toll the statute of limitations and the Allgoods' claims were barred.

In response to Dr. Hoffman's motion for summary judgment, the Allgoods argued that Dr. Hoffman waived the defense of insufficiency of service of process because he failed to state the factual basis supporting the defense as required by Rule 8.03. Although Dr. Hoffman's answer included a factual basis for the defense, the statement in his answer was inaccurate in that it stated that service was made by the commissioner of insurance through the U.S. mail. The answer did not state that Dr. Hoffman had not given anyone at Gateway authority to accept service of process on his behalf. The Allgoods also argued that Dr. Hoffman was estopped from asserting a defense of insufficiency of service of process because he participated in discovery and failed to include the defense of insufficiency of service of process in his response to the Allgoods' interrogatory seeking the factual basis for his affirmative defenses.

A hearing on Dr. Hoffman's motion for summary judgment was held on May 23, 2008, and the trial court's ruling was issued on May 30, 2008. The trial court found that the attempted service on Dr. Hoffman was insufficient because the Allgoods served neither he nor an agent authorized to accept service of process for him, and also failed to re-issue process in time to preserve their cause of action. The trial court also rejected the Allgoods' argument that Dr. Hoffman waived the defense of insufficiency of service of process by misstating the factual basis for the defense in his answer.

---

[4]This assumption was because Dr. Hoffman lived in Williamson County and worked in Montgomery County. Ms. Woodruff was the hospitalist coordinator at Gateway for Dr. Hoffman's employer, Eagle Hospital Physicians.

[5] Rule 3 provides as follows:

All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3.

At the time Dr. Hoffman filed his answer, he knew that there was a deficiency in the service of process, in that it was not made by the commissioner of insurance or through the mail, as stated on the summons. However, at that time, Dr. Hoffman was not aware of true deficiencies in the service of process because the return of service was not filed until December 2006, after Dr. Hoffman filed his answer. The return, of course, stated that personal service was attempted by delivering the summons and complaint to an unnamed person at Gateway.[6] The trial court found that, "[a]s the result of [Dr. Hoffman's] answer, [the Allgoods were] on sufficient notice that [Dr. Hoffman] was contending that there was a problem with service of process and [were] aware of the factual basis and grounds in support of the Motion to Dismiss that were within [Dr. Hoffman's] knowledge." The trial court emphasized that the Allgoods were aware that the return of service was "blatantly defective" in that it indicated that service was made on Gateway, but nevertheless relied on the original service "and did not cure the defects in service by reissuing process." The trial court also rejected the Allgoods' argument that Dr. Hoffman should be estopped from asserting insufficiency of service of process because he participated in discovery without stating the factual basis for his defense. The Allgoods had asserted to the trial court that, by waiting until after the statute of limitations had run, Dr. Hoffman sought to "sandbag" the Plaintiffs. The trial court found that it was incumbent upon the Plaintiffs to reissue process to preserve their cause of action, but they failed to do so.

On July 11, 2008, the trial court entered an order, incorporating the findings made in its memorandum opinion, granting Dr. Hoffman's motion for summary judgment, and certifying the judgment as final under Rule 54.02. The Allgoods now appeal.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, the Allgoods raise two issues for our review. First, whether Dr. Hoffman waived the defense of insufficiency of service of process, such that summary judgment should not have been granted. Second, whether Dr. Hoffman is estopped from asserting the defense based on his participation in discovery.

Because only questions of law are involved, we review a trial court's grant of summary judgment *de novo* with no presumption of correctness. ***Martin v. Norfolk S. Ry. Co.***, 271 S.W.3d 76, 84 (Tenn. 2008) (citing ***Blair v. W. Town Mall***, 130 S.W.3d 761, 763 (Tenn. 2004)). In reviewing a trial court's grant of summary judgment, the appellate court is to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. ***Staples v. CBL & Assocs., Inc.***, 15 S.W.3d 83, 88 (Tenn. 2000) (citations omitted). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

---

[6] The trial court noted that the process server, Ernie Rice, could not remember how he served process. It found that Rice attempted service by delivering the summons and complaint to someone at Gateway. (Vol. III at 442.) This finding is not disputed on appeal.

ANALYSIS

We first address the Allgoods' argument that Dr. Hoffman waived the defense of insufficiency of service of process. The Allgoods insist that Dr. Hoffman's answer did not comply with Rule 8.03's requirement that a party "set forth affirmatively facts in short and plain terms relied upon to constitute" that party's affirmative defenses.[7] Tenn. R. Civ. P. 8.03. Although Dr. Hoffman's answer stated that he was challenging service of process "on grounds that the return certifying service of process on [Dr. Hoffman] shows that he was served by the commissioner of insurance through the U.S. mail," the Allgoods allege that it does not comply with Rule 8.03 because it misstates the factual basis for the defense, and does not state that Dr. Hoffman is challenging the attempted personal service on the basis that no one at Gateway was authorized to accept service of process on his behalf. In support of this argument, the Allgoods cite *Barker v. Heekin Can Co.*, 804 S.W.2d 442 (Tenn. 1991).

In *Barker*, the plaintiff initiated a worker's compensation action against her employer, the Heekin Can Company, for an injury allegedly sustained during the course of her employment. *Id.* at 442. The plaintiff's first summons was returned un-executed, with the following notation by the process server: "no longer in business here; sold out." *Id.* Between the time of the plaintiff's purported injury and the commencement of her action, Heekin Can sold its Memphis plant to an entity known as Peacher Schwank Plastics. *Id.* at 443. An alias summons was then issued, directed to "Heekin Can Company, a/k/a Pearcher [sic] and Schwank Plastics." *Id.* at 442. The return of service had the following notation: "served process . . . by delivering . . . a copy of the summons and a copy of the complaint to . . . Heekin Can Company, a/k/a Pearcher [sic] and Schwank Plastics, by serving: Harold Townsend, Gen. Mgr." *Id.*

Heekin Can filed an answer and a motion to dismiss in its answer, stating the following grounds: "(a) That this Court lacks jurisdiction over the person of this corporate defendant; (b) That there has been an insufficiency of process in this cause; (c) That there has been an insufficiency of service of process in this cause." *Id.* at 443. The motion included no factual allegations to support these grounds. *Id.* Several years later, the defendant filed a motion for summary judgment, alleging that Heekin Can and Peacher Schwank Plastics were separate entities, with their only relationship being that of buyer and seller of the Memphis plant, and therefore, the service made on Peacher Schwank Plastics was insufficient as to Heekin Can. *Id.* The trial court granted summary judgment in favor of Heekin Can. *Id.* The plaintiff appealed.

The Tennessee Supreme Court reversed the decision of the trial court, holding that Heekin Can waived the defense of insufficiency of service of process by failing to include "in its motion to dismiss a recitation of those facts, 'in short and plain terms,' upon which it was relying for

---

[7]The Allgoods also note that Dr. Hoffman had the opportunity to include the correct factual basis for this defense in his response to their interrogatory, but failed to do so.

dismissal" as required by Rule 8.03.[8] *Id.* at 444. It found that the defendant should have stated in the motion to dismiss that Heekin Can and Peacher Schwank Plastics were separate entities, that Mr. Townsend did not have authority to accept service of process for Heekin Can, and that Heekin Can no longer did business in Tennessee. *Id.* The Court explained:

> The reason for such a rule is obvious. As noted in *Goss* [*v. Hutchins*, 751 S.W.2d 821 (Tenn. 1988)], the filing of a "specific negative averment will likely result in a prompt curative amendment by plaintiff," *id.* at 826, thus preventing the dismissal of an otherwise meritorious claim on purely technical grounds.

*Barker*, 804 S.W.2d at 444. The *Barker* court observed that defendant Heekin Can "waited over two years to plead facts known to it . . . from the very beginning." *Id.* It commented that "[t]he Rules of Civil Procedure are not intended as a trap for the unwary, but as a means of 'secur[ing] the just, speedy and inexpensive determination of every action.' " *Id.* (quoting Tenn. R. Civ. P. 1). On this basis, it held that the defendant waived the defense of insufficiency of service of process and reversed the grant of summary judgment. *See id.* at 444-45.

In response to the Allgoods' citation of *Barker*, Dr. Hoffman distinguishes *Barker* from the facts in this case. In *Barker*, Dr. Hoffman notes, the defendant did not include *any* factual basis to support the defense of insufficiency of service of process, despite knowing the supporting facts "from the very beginning." *See id.* at 444. In the case at bar, Dr. Hoffman argues, he provided all of the information regarding the deficiencies in the service of process available to him at the time that he filed his answer. He insists that he cannot be expected to include facts in his answer that were unknown to him when it was filed. Dr. Hoffman asserts that he would have included different facts in his answer had he known them at the time, but argues that the facts that were included in his answer provided the Allgoods with the same notice of a possible defect in the service of process that they would have received had he pled the other facts. Therefore, he argues that he complied with the requirements of Rule 8.03.[9]

Insufficiency of service of process is an affirmative defense that must be presented in the defendant's answer or in a pre-answer motion. Tenn. R. Civ. P. 12.02(5); *see Eaton*, 2008 WL 4963512, at *3. Although Rule 12 does not contain a specificity requirement, Rule 8 "clearly does." *Barker*, 804 S.W.2d at 444. Rule 8.03 requires that a party "set forth affirmatively facts in short and

---

[8] At the time of the *Barker* decision, Rule 8.03 required a party to "set forth affirmatively facts . . . relied upon to constitute . . . *an avoidance* or affirmative defense." *Barker*, 804 S.W.2d at 444 (emphasis added). Since then, Rule 8.03 has been amended to remove the term "avoidance." Although the *Barker* case refers to insufficiency of service of process as an "avoidance," *id.*, it is also an affirmative defense. *See Eaton v. Portera*, No. W2007-02720-COA-R3-CV, 2008 WL 4963512, at *3 (Tenn. Ct. App. Nov. 21, 2008). Thus, removal of the term "avoidance" from Rule 8.03 does not affect our analysis.

[9] Dr. Hoffman also notes that paragraph three of his answer denied an employment or agency relationship with Gateway, and seems to suggest that this averment should have put the Allgoods on notice that the attempted service of process was ineffective. This argument is without merit.

plain terms relied upon to constitute . . . an affirmative defense." Tenn. R. Civ. P. 8.03. Failure to comply with Rule 8.03 will result in a waiver of the defense. **Barker**, 804 S.W.2d at 444.

Like the defendant in **Barker**, Dr. Hoffman sought dismissal of the complaint in his answer, asserting the defense of insufficiency of service of process. Unlike the defendant in **Barker**, Dr. Hoffman included in his answer facts that were known to him at the time.

Dr. Hoffman argues that he satisfied Rule 8.03 because the facts in his answer provided the Allgoods with the same notice that they would have received had he pled the facts that he later discovered, namely "that a possible defect in the manner of service of process exists." We respectfully disagree. This type of general notice was clearly found inadequate by the Supreme Court in **Barker**. If simply putting the plaintiff on notice that there may be a problem with service of process were enough to satisfy Rule 8.03, then the **Barker** Court would not have found the defense to have been waived, because the defendant in **Barker** stated in its answer "[t]hat there has been an insufficiency of service of process in this cause." **Id.** at 443. **Barker** clearly holds that mere notice of a possible problem is insufficient to satisfy Rule 8.03. Rather, Rule 8.03 requires that a defendant state the facts that support the defense.

Dr. Hoffman rightly argues that he cannot be expected to include facts in his answer that were unknown to him. However, when the return of service was filed, Dr. Hoffman became aware that the facts alleged in his answer to support his defense were not accurate. As in **Barker**, this fact was "peculiarly within the knowledge of" Dr. Hoffman. **Id.** at 444. Despite this, there was no attempt by Dr. Hoffman to amend his answer or otherwise correct the misimpression created. Indeed, the misstated facts in Dr. Hoffman's answer were, from the Plaintiffs' perspective, worse than having stated no facts at all; when considered with Dr. Hoffman's failure to address insufficiency of service of process in response to the Allgoods' interrogatory, this could have led the Plaintiffs to conclude that the original service of process on Dr. Hoffman was in fact effective.

The trial court correctly observed that the Allgoods could easily have had process re-issued, to ensure effective service of process and preservation of their cause of action. This is certainly true. However, the issue raised to us on appeal does not relate to the Plaintiffs' failure to ensure effective service of process. It relates only to whether Dr. Hoffman failed to comply with Rule 8.03 and thus waived the defense of insufficiency of service of process. Under the facts of this case, we must conclude that he did not comply with Rule 8.03, that the defense is waived, and that the trial court erred in granting summary judgment in favor of Dr. Hoffman. This holding pretermits all other issues raised on appeal.

## CONCLUSION

The decision of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion. The costs of this appeal are taxed to the Appellee Dr. Christopher Hoffman, for which execution may issue if necessary.

_____

HOLLY M. KIRBY, JUDGE