IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 27, 2017 Session

## HENRIETTE M. FISHER v. CHANDRANITA ANKTON

**Appeal from the Circuit Court for Shelby County
No. CT-002593-12  Robert Samual Weiss, Judge**

_____

### No. W2016-02089-COA-R3-CV

_____

The trial court dismissed this lawsuit because proper service of process was not effectuated on the defendant. Because the defendant waived the specific defense relied upon by the trial court to dismiss this case by failing to comply with Rule 8.03 of the Tennessee Rules of Civil Procedure, we reverse the decision of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which W. NEAL MCBRAYER and BRANDON O. GIBSON, JJ., joined.

Rachael E. Putnam and Austin T. Rainey, Memphis, Tennessee, for the appellant, Henriette M. Fisher.

William M. Jeter, Memphis, Tennessee, for the appellee, Chandranita Ankton.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Background

Plaintiff/Appellant Henriette M. Fisher ("Ms. Fisher") filed a complaint against Defendant/Appellee Chandranita Ankton ("Ms. Ankton") on June 13, 2012, alleging that Ms. Ankton negligently operated her vehicle resulting in injuries to Ms. Fisher. This complaint has previously been the subject of a prior appeal to this Court. *See Fisher v. Ankton*, No. W2014-00882-COA-R3-CV, 2015 WL 2107752 (Tenn. Ct. App. May 5, 2015) ("*Fisher I*"). Accordingly, much of the facts herein are derived from our prior Opinion. The complaint alleged that, based upon information and belief, Ms. Ankton resided at an apartment on West River Trace Drive, Memphis, TN. According to our prior Opinion:

> At the time she filed her complaint, Ms. Fisher had a summons issued by the clerk ("First Summons").[2] The First Summons was directed to Ms. Ankton at her alleged place of residence of 2153 West River Trace Drive, Apartment 5, Memphis, TN 38134. Ms. Fisher retained a private process server, Donald Busby, who unsuccessfully attempted on five occasions to serve Ms. Ankton with the First Summons. The parties do not dispute that service of the First Summons was unsuccessful.
>
> On October 1, 2012, Ms. Fisher obtained issuance of a second summons ("Second Summons") from the clerk to be served at a different address via certified mail to 131 Leonard Lane, Holly Springs, MS 38635. On October 7, 2012, the Second Summons was returned to counsel for Ms. Fisher with the notation that it was "not deliverable as addressed."
>
> On October 30, 2012, Ms. Fisher procured issuance of a third summons ("Third Summons") from the clerk. The Third Summons was addressed to Ms. Ankton's employer, believed by Ms. Fisher to be the Internal Revenue Service ("IRS") located at 22 North Front Street, Memphis, TN 38103. A private process server, James Finney, attempted to serve Ms. Ankton personally at the IRS building at 22 North Front Street, on two occasions: October 31, 2012 at 4:02 p.m. and November 3, 2012 at 3:13 p.m. In addition to attempting service at Ms. Ankton's alleged place of employment, Mr. Finney also attempted on November 3, 2012 to serve Ms. Ankton personally at two addresses in Mississippi . . . . Shortly thereafter, on February 7, 2013, Mr. Finney returned a copy of the Third Summons to Ms. Fisher's counsel, after attempting personal service, stating that he

---

[2]  According to our prior Opinion: "Ms. Fisher also served State Farm Insurance Company as the provider of uninsured/underinsured motorist insurance coverage for Ms. Ankton. State Farm answered the complaint on June 27, 2013. The service of process to State Farm is not an issue in this appeal." *Id.* at *1 n.1.

could not find Ms. Ankton at the IRS building and that there was no record of her employment there.

When personal service of the Third Summons was unsuccessful, Ms. Fisher attempted service of the Third Summons via certified mail. Specifically, Ms. Fisher attempted service via certified mail to the following three addresses, all of which were mailed on January 25, 2013:(1) 2153 West River Trace, Apartment 5, Memphis, TN 38134, (2) 22 North Front Street, Memphis, TN 38103, and (3) 297 Holland Road, Holly Springs, MS 38635.

On February 13, 2013, Ms. Fisher's counsel received signed Domestic Return Receipts for two of the certified mailings of the Third Summons, one sent to 297 Holland Road and one sent to 22 North Front Street (the IRS building). The 297 Holland Road receipt was signed by "Jake Jeans." The 22 North Front Street receipt was signed by "Barry Burk." Both receipts were dated "2/13/13." Ms. Ankton's signature did not appear on either receipt. Neither Jake Jeans nor Barry Burk indicated in the provided area on the receipts that they were Ms. Ankton's "agent[s]." Melissa Erin Sherman, an employee of Ms. Fisher's counsel, signed the return for the Third Summons. On February 18, 2013, Ms. Fisher filed the above returns with the trial court.

Around this time, Ms. Ankton retained counsel to represent her although it is unclear how she came to know of Ms. Fisher's filing of the complaint. Ms. Ankton's attorney sent a letter to Ms. Fisher's attorney providing that although he had been retained, "we are not representing that our client has been properly served with process in this matter. We will, however, advise you as soon as possible if we find that proper service has not been perfected."

Several weeks later, on March 30, 2013, the certified mail (sent January 25, 2013) of the Third Summons sent to 2153 West River Trace Drive address was returned to Ms. Fisher's counsel's law office, with an indication from the United States Postal Service that the certified mail was "unclaimed." Thus, the return of the Third Summons from the certified mail signed by the named individuals at 22 North Front Street and 297 Holland Road was filed before Ms. Fisher received the receipt from the certified mail sent to 2153 West River Trace Drive indicating that the mail was unclaimed.

*Fisher I*, 2015 WL 2107752, at \*1–\*2 (footnote omitted).

On June 27, 2013, Ms. Ankton filed a motion to dismiss on the basis of insufficiency of process, insufficiency of service of process, and expiration of the statute of limitations.  On August 23, 2013, Ms. Fisher filed a motion to strike Ms. Ankton's

motion to dismiss on the ground that the defenses had been waived, or in the alternative, a response in opposition to the motion arguing that service by mail was effective. Ms. Fisher attached affidavits by the two process servers and an employee of Ms. Fisher's counsel. Mr. Busby's affidavit stated that he had attempted service at the West River Trace Drive address but had been advised by individuals therein that Ms. Ankton was at work, out of town, that the individual would not accept service on behalf of Ms. Ankton, or to send the documents to Ms. Ankton's divorce attorney. The affidavit from the employee of the law office representing Ms. Fisher "provided that certified mail had been sent to Ms. Ankton at 2153 West River Trace Drive and had been returned unclaimed. The envelope from this mailing was attached to Ms. Fisher's response and indicates the United States Postal Service's designation that the mail was 'unclaimed.'" *Id.* at *3.

The trial court entered an order dismissing Ms. Fisher's lawsuit on April 24, 2013. In its order:

> The trial court found that Ms. Fisher could not rely on the filing date of her complaint to toll the statute of limitations because the return accompanying the Third Summons, issued on October 30, 2012, was not filed with the clerk within ninety days of issuance. Accordingly, because Ms. Fisher was in contravention of the requirement that the return be filed within ninety days of a summons' issuance, the trial court also found that she had intentionally delayed service of process.

*Id.* at *3 (footnote omitted).

Ms. Fisher appealed. *Id.* at *3–*4. In the first appeal of this case, this Court, applying *Fair v. Cochran*, 418 S.W.3d 542 (Tenn. 2013), reversed and vacated the trial court's judgment, holding that Ms. Fisher was not precluded from relying on the original commencement of the action to toll the statute of limitations based on her failure to return the summons to the clerk within ninety days. This Court, however, "render[ed] no holding as to the validity of service allegedly effectuated upon [Ms. Ankton]." *Id.* at *8. No permission to appeal was filed of this Court's decision in *Fisher I,* and a mandate issued on July 15, 2015.

Upon remand, Ms. Fisher propounded written discovery on Ms. Ankton and subpoenaed her to appear for a deposition. Although Ms. Ankton was purportedly personally served with the subpoena, she did not appear for the deposition, nor did Ms. Ankton respond to discovery requests. Instead, on January 28, 2016, Ms. Ankton filed a second motion to dismiss, again on the bases of insufficiency of process, insufficiency of service of process, and the expiration of the statute of limitations. As the factual basis for these defenses with regard to the unclaimed summons mailed to Appellee's alleged residence, the memorandum accompanying the motion alleged that the summons was

defective because: (1) it was issued for private process service, yet served by certified mail; and (2) the summons was issued to the address of the IRS, where a process server had indicated that Ms. Ankton did not work.[3] Ms. Fisher again responded with a motion to strike on the basis that the defenses were untimely and a response indicating that service was effective.

The trial court held a hearing on June 2, 2016. During the hearing, Ms. Ankton raised, for the first time, the argument that the mailing of the Third Summons was ineffective because the summons that was mailed was not certified, as purportedly required by the plain language of Rule 4.04 of the Tennessee Rules of Civil Procedure, discussed in detail, *infra*. Ms. Fisher objected to Ms. Ankton's argument on the basis that it had not been included in Ms. Ankton's previously filed second motion to dismiss. The trial court entered an order granting Ms. Ankton's motion to dismiss on September 9, 2016. Therein, the trial court specifically found that the "issues raised" in Ms. Ankton's second motion to dismiss were not waived because the facts supporting the defenses were "unknown to the [Ms. Ankton] at the time the original [m]otion to [d]ismiss was filed because of the delay in filing the returns of service." The trial court further ruled that the service by mail signed for by the two unknown individuals was ineffective because the evidence was insufficient to show that Ms. Ankton was evading service nor was there evidence to show that the individuals were Ms. Ankton's agents for service of process. With regard to the unclaimed service mailed to Ms. Ankton's alleged residence, the trial court indicated that the summons was served by mail to Ms. Ankton's alleged residence even though it was marked as to be served in person at the IRS. Additionally, the trial court noted that Rule 4.04 expressly states that the summons to be mailed should be a "certified copy." Because the summons mailed to Ms. Ankton's alleged address was not a certified copy, the trial court ruled that it too "was not proper service." The trial court therefore granted the second motion to dismiss and dismissed Ms. Fisher's complaint.

**Issues Presented**

---

[3] Unfortunately, Ms. Ankton's motion is somewhat unclear. Her motion provides at one point, verbatim:

> In the present case [Ms. Fisher] cannot rely on the filing of the Complaint as tolling the statute of limitations because [Ms. Fisher] has never completed service of process on [Ms. Ankton]. The first two summonses, were admittedly never served on anyone. The third summons
>
> [Ms. Fisher] should not be permitted to rely on the issuance as tolling the statute of limitations under Rule 3.

Thus, it is not altogether clear what Ms. Ankton intended to argue regarding the service of the Third Summons.

Ms. Fisher raises two issues on appeal, which are taken from her appellate brief:

1. Did the trial court err in dismissing Ms. Fisher's Complaint when the Ms. Fisher properly served Ms. Ankton by certified mail in accordance with Tenn. R. Civ. P. 4.04, and Ms. Ankton refused delivery?
2. Did the trial court err in concluding that the purported defenses of Ms. Ankton were not waived because the defenses were timely asserted based upon the return of service?

## Standard of Review

The trial court in this case granted Ms. Ankton's motion to dismiss based on improper service of process. In considering an appeal from a trial court's grant of a motion to dismiss, we take all allegations of fact in the complaint as true and review the trial court's legal conclusions de novo with no presumption of correctness. Tenn. R. App. P. 13(d); *Mid-South Indus., Inc. v. Martin Mach. & Tool, Inc.*, 342 S.W.3d 19, (Tenn.Ct.App.2010) (citing *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 424 (Tenn.1996)). In addition, when deciding motions to dismiss premised on issues involving either service or the process of service, a trial court may properly consider matters outside the pleadings without converting the motion to one for summary judgment. *Milton v. Etezadi*, No. E2012-00777-COA-R3-CV, 2013 WL 1870052, at *3–4 (Tenn. Ct. App. May 3, 2013) (citing *McNeary v. Baptist Mem'l Hosp.*, 360 S.W.3d 429, 436 (Tenn.Ct.App.2011)).

## Discussion

As an initial matter, it is important to discuss the scope of this appeal. Here, Ms. Fisher made several attempts at procuring service on Ms. Ankton, both by certified mail and private process server. With regard to the Third Summons, certified mailing was ultimately signed for by two unknown individuals at both a Tennessee and Mississippi address. In addition, a certified mailing sent to Ms. Ankton's alleged residence was returned unclaimed. The trial court granted Ms. Ankton's motion to dismiss, however, ruling that none of the three alleged instances of service was proper. On appeal, Ms. Fisher confines her issue on review only to whether Ms. Ankton was "properly served . . . by certified mail" and returned as unclaimed. In her reply brief, Ms. Fisher specifically notes that she did not address "the validity of accepted service by [other individuals] in her brief." Ms. Fisher therefore states that "these issues are not before the Court." We accordingly confine our review solely to the issue of whether the service by certified mail that was returned unclaimed in this case was effective, including the issue of whether Ms. Ankton's objection to the service was waived.

- 6 -

Service of process by certified mail is governed by Rule 4.04 of the Tennessee Rules of Civil Procedure. Rule 4.04, as it existed during the trial court proceedings, provides, in relevant part:

> The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:
>
> \* \* \*
>
> (10) Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual or entity covered by subparagraph (2), (3), (4), (5), (6), (7), (8), or (9) of this rule, the return receipt mail shall be addressed to an individual specified in the applicable subparagraph. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.
>
> (11) When service of a summons, process, or notice is provided for or permitted by registered or certified mail under the laws of Tennessee and the addressee or the addressee's agent refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service, the written return receipt if returned and filed in the action shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing. **For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.**

Tenn. R. Civ. P. 4.04.[4] Rule 4.03 likewise contains requirements applicable to service by mail:

_____

[4] Effective July 1, 2016, Rule 4.04(11) was amended to delete the last sentence noted above, i.e.,

- 7 -

When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk. The person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of the return receipt from the defendant. . . .

Tenn. R. Civ. P. 4.03(b).

Thus, under the version of Rule 4.04 in existence when service was allegedly accomplished, certified mail returned unclaimed could serve as proper service except in the event of a default judgment. *See Regions Bank v. Sandford*, No. M2015-02215-COA-R3-CV, 2016 WL 6778188, at *3 (Tenn. Ct. App. Nov. 16, 2016) (citing *In re Landon T.G.*, No. E2015-01281-COA-R3-PT, 2016 WL 890219, at *5 (Tenn. Ct. App. Mar. 9, 2016); *Stitts v. McGown*, No. E2005-02496-COA-R3-CV, 2006 WL 1152649, at *2 (Tenn. Ct. App. May 2, 2006)) ("This Court has consistently held in similar cases that a return receipt marked "unclaimed" does not show personal acceptance by the defendant and therefore cannot serve as the basis for entry of a default judgment."). Here, the parties disagree as to whether the summons, which was issued to the IRS for private process service, but ultimately sent by certified mail to Ms. Ankton's alleged place of residence, and returned unclaimed, provides effective service in this case.

"Because the trial court's jurisdiction of the parties is acquired by service of process, proper service of process is an essential step in a proceeding." *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008) (citing *Stitts v. McGown*, No. E2005-02496-COA-R3-CV, 2006 WL 1152649, at *2 (Tenn. Ct. App. May 2, 2006)). In order to obtain jurisdiction, the record must show that the plaintiff met all procedural requirements and "the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules." *Watson*, 316 S.W.3d at 593 (citing *Wallace v. Wallace*, No. 01A01-9512-CH-00579, 1996 WL 411627, at *2 (Tenn. Ct. App. July 24, 1996)). "Tennessee law directs that Rule 4.04 . . . is to be strictly construed." *Hall v. Haynes*, 319 S.W.3d 564, 571 (Tenn. 2010) (citing *Wallace v. Wallace*, No. 01A01-9512-CH-00579, 1996 WL 411627, at *2 (Tenn. Ct. App. July 24, 1996)).

the sentence stating that "For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is 'unclaimed,' or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery." As the 2016 Advisory Commission Comment that accompanies Rule 4.04 explains, "the Postal Service's notation that a registered or certified letter is 'unclaimed' is not sufficient, by itself, to prove that service was 'refused.' " Nevertheless, we apply Rule 4.04 as it was written at the time of the events at issue, as both parties utilize the prior version of Rule 4.04 in their appellate briefs.

To begin, we first address the state of the trial court's order with regard to the effectiveness of the service by certified mail in this case. Here, the parties on appeal largely confine their arguments regarding the substantive merits of Ms. Ankton's service of process defense to the question of whether the summons used to serve Ms. Ankton by certified mail was certified, as Ms. Ankton argues is required by the plain language of Rule 4.04(10). As such, Ms. Ankton argues that because the service by certified mail did not include a **certified** copy of the summons, as purportedly required by Rule 4.03 and 4.04, the service was ineffective. *See* Tenn. R. Civ. P. 4.03 (stating that "the person making service shall endorse over his or her signature the date of mailing a **certified** copy of the summons") (emphasis added); Tenn. R. Civ. P. 4.03 (requiring the person attempting service by mail "send, postage prepaid, a **certified** copy of the summons" to the defendant) (emphasis added).

The trial court's order, however, is not a model of clarity as to the exact basis of its ruling. Rather, with regard to the service of the summons by certified mail, the trial court's order states:

> 12. Tennessee Rule of Civil Procedure 4.04(10) provides that service of process may also be effectuated by mail:
>
>> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. **Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant.** . . .
>
> (Emphasis added).
>
> 13. The language of Rule 4.03 "set[s] forth a mandatory requirement rather than a discretionary ideal that need not be strictly enforced to confer jurisdiction over a party." ***Estate of McFerren v. Infinity Transp., LLC***, 197 S.W.3d 743, 748 (Tenn Workers Comp. Panel 2006).
>
> \* \* \*
>
> 15. In the case at bar, [Ms. Fisher] did not send a certified copy of the summons to [Ms. Ankton] along with a copy of the Complaint via certified mail.

16. [Ms. Fisher] instead sent a copy of the summons issued to the Defendant at Internal Revenue Service, 22 N. Front Street, Memphis, TN 38103 with Method of Service noted as Private Process Service which was eventually returned NTBF, with the notation not at this location.

17. [Ms. Fisher] failed to return the summons timely and have the process reissued by Certified Mail to any of the three addresses that the copy of the summons was sent.

18. As such the letter with the uncertified summons returned "Unclaimed" was not proper service.

19. Two letters with the uncertified summons were signed for by individuals, however there is nothing in the record to establish that either of these individuals were authorized agents of [Ms. Ankton] in order to accept service on her behalf; . . . .

Although the Tennessee Rules of Civil Procedure do not contain an express requirement that trial courts make findings of fact and conclusions of law in ruling on motions to dismiss, this Court has previously taken issue with a trial court's order of dismissal where the order did not sufficiently explain the basis for the dismissal. *See* ***Huggins v. McKee***, No. E2014-00726-COA-R3-CV, 2015 WL 866437 (Tenn. Ct. App. Feb. 27, 2015). Here, the trial court's order cites law indicating that it ruled that the lack of certified copy was fatal to the service of process by certified mail. The trial court also, however, appears to take issue with the address the summons was issued to and the method of service noted on the summons, without any law cited to suggest that the trial court likewise considered this a fatal defect. Given the lack of clarity, Appellant takes issue with both possible bases for the trial court's order in her brief to this Court.

Despite the somewhat confusing order entered by the trial court, at oral argument and in her brief, Ms. Ankton focused almost exclusively on the fact that the summons sent to Ms. Ankton by certified mail did not constitute a certified copy, as purportedly required by Rule 4.04. Ms. Ankton's counsel stated that the unclaimed return of a letter to Ms. Ankton's residence, "would be sufficient [under Rule 4.04 as it existed at the time], except for the fact that that summons has to be certified."[5] In order to clarify the basis of the trial court's ruling, the following exchange occurred at oral argument:

Court: This rises or falls on the lack of certified copy and only that issue.
Counsel: That's correct . . . .[6]

---

[5] Ms. Ankton did not concede, however, that the West River Trace Drive address accurately reflected Ms. Ankton's residence.

[6] Counsel for Ms. Ankton asserted that there was a single exception due to constitutional concerns. When questioned as to whether a constitutional argument had been raised in the trial court or in Ms. Ankton's appellate brief, counsel for Ms. Ankton admitted that the argument was not previously

- 10 -

Based upon our review of the trial court's order and Ms. Ankton's singular focus both in her appellate brief and at oral argument on the issue of whether a certified copy was mailed to Ms. Ankton to effectuate service under Rule 4.04(10), we conclude that the sole basis for the trial court's determination that the service by certified mail was ineffective was the lack of certified copy. As such, we confine our review only to the issue of whether the lack of a certified copy of the summons renders the service by certified mail ineffective. *In re Estate of Boykin*, 295 S.W.3d 632, 636 (Tenn. Ct. App. 2008) (noting that, at the appellate level, "we are limited in authority to the adjudication of issues that are presented and decided in the trial courts"). If the service was ineffective on this basis, the trial court did not err in dismissing this lawsuit. If, however, this argument does not serve as a proper basis for rendering the service of process ineffective, the order of dismissal was in error and this case must be remanded for further proceedings. As such, we proceed to address this issue.

Here, Ms. Fisher essentially admits that the summons served by certified mail was not a certified copy but argues that she met the requirements of the rule by serving an original summons, rather than a copy. Additionally, Ms. Fisher argues that Ms. Ankton's objections should be waived because they were not timely lodged. Although in *Fisher I* we declined to address Ms. Fisher's waiver argument on the ground that it had not been adjudicated by the trial court, *see Fisher I*, 2015 WL 2107752, at *8, in this case the trial court made a specific finding that Ms. Ankton's second motion to dismiss was not waived because the facts alleged therein were not known until after the filing of the first motion to dismiss. Accordingly, we begin with a determination as to whether Ms. Ankton's objection to improper service of process was waived by Ms. Ankton's failure to timely raise the defense.

"Under Rule 12 of the Tennessee Rules of Civil Procedure, every defense to a claim for relief must either be raised in a responsive pleading or in a written motion." *Int'l Flight Ctr. v. City of Murfreesboro*, 45 S.W.3d 565, 574 (Tenn. Ct. App. 2000) (citing Tenn. R. Civ. P. 12.02); *but see Young ex rel. Young v. Kennedy*, 429 S.W.3d 536, 549 (Tenn. Ct. App. 2013) (holding that some defenses are not waived by the failure to file a pre-answer motion or to include the defense in an answer, such as the defense of failure to state claim upon which relief can be granted arguing the expiration of the statute of limitations); Robert Banks, Jr., & June F. Entman, *Tennessee Civil Procedure*, § 5–6(w) ( 3d ed. 2012) ("A pleader should assume, therefore, that the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of

---

raised and essentially withdrew that argument. It is well-settled that constitutional arguments may not be raised for the first time on appeal. *See In re M.L.P.*, 281 S.W.3d 387, 394 (Tenn. 2009) ("Because Father did not properly raise this issue in the trial court, he has waived his right to argue this issue for the first time on appeal.").

service of process will be waived if not included in the pleader's first response to the complaint, whether it be by answer or a Rule 12.02 motion.").

As such, "[s]ufficiency of personal service, as required in Rule 4, T.R.C.P., is subject to challenge under Rule 12.02(5) either in the adverse party's responsive pleading or, optionally, by motion to dismiss." *Barker v. Heekin Can Co.*, 804 S.W.2d 442, 444 (Tenn. 1991). As this Court has explained:

> As a general rule, defects in process, service of process, and return of service may be waived. The Tennessee Rules of Civil Procedure expressly state that where the issue is not raised properly, the defendant waives the objection. The failure of a defendant to challenge insufficiency of process in accordance with Rule 8.03 will constitute a waiver of the matter raised in a motion. *Barker v. Heekin Can Co.*, 804 S.W.2d 442 (Tenn.1991), *accord*: *Goss v. Hutchins*, 751 S.W.2d 821 (Tenn.1988). It is also generally held that a defendant may also, by his conduct, be estopped to object that proper service was not made. *See generally*, 72 C.J.S Process § 99 (1987) . . . . Such conduct may include participating in discovery, *Martin v. Mills*, 138 F.R.D. 151, 153 (S.D.Ga.1991); *Federal Deposit Insurance Corp. v. Denson*, 139 F.R.D. 346, 348 (S.D.Miss.1990), in addition to failing to raise the issue of insufficiency of service clearly or with the necessary specificity. *See Barker* at 443, and *Green v. Mapco Petroleum, Inc.*, 133 F.R.D. 506 (W.D. Tenn. 1990).

*Goodner v. Sass*, No. E2000-00837-COA-R3-CV, 2001 WL 35969, at *2 (Tenn. Ct. App. Jan. 16, 2001) (some citations omitted). Based upon this law, Ms. Fisher asserts that Ms. Ankton's motion to dismiss was untimely as it was filed years after the complaint in this case and approximately seven months after the mandate was issued following *Fisher I*.

From our review of this Court's opinions on this issue, a distinction has emerged. To be sure, this Court has previously held that a defendant waives the defense of insufficient service of process and/or insufficient process where the defendant failed to timely raise the defense and instead "engaged in discovery while waiting for the statute of limitations to run." *Goodner*, 2001 WL 35969, at *2 (involving a one-year delay in raising the defense). Defendants have likewise not been allowed to raise insufficient service of process where the motion raising the defense was filed after an answer had already been filed that did not raise that defense. *See Faulks v. Crowder*, 99 S.W.3d 116, 124 (Tenn. Ct. App. 2002) (involving the situation wherein the defendant originally objected to lack of service, but after service was allegedly completed, filed an answer that did not allege insufficient service of process). On the other hand, a delay in raising the defense of insufficient service of process will typically not serve to waive the defense

where the defendant "did not engage in any conduct prior to filing the motion which would demand that he be estopped from raising the defense." ***Watson v. Garza***, 316 S.W.3d 589, 599 (Tenn. Ct. App. 2008) (involving a more than one-year delay where the defendant "did not file a responsive pleading, engage in discovery, or otherwise participate in the lawsuit").

While we certainly do not condone Ms. Ankton's inordinate delay in filing her motions to dismiss, Ms. Ankton simply did not participate in the lawsuit in such a way as to prevent her from raising the defense of insufficient service of process. Here, the complaint was filed on June 13, 2012. No answer was ever filed. *See **Faulks***, 99 S.W.3d at 124. Rather, the initial motion to dismiss was filed little more than one year after filing the complaint and clearly raised the defense that Ms. Ankton was not properly served with process, in addition to the defense that the summonses were not promptly returned. The trial court thereafter granted the motion to dismiss on the basis that the summonses were not properly returned. ***Fisher I***, 2015 WL 2107752, at *3. Ms. Fisher appealed that ruling, and Ms. Ankton unsuccessfully defended the trial court's ruling in ***Fisher I***. ***Id.*** at *8.

After the mandate was issued by this Court, it is true that Ms. Ankton delayed some seven months before filing her second motion to dismiss. In ***Fisher I,*** however, we noted that "the validity of service allegedly effectuated upon [Ms. Ankton]" remained an issue. ***Id.*** Moreover, as the trial court correctly found, much of the factual allegations raised in the second motion to dismiss resulted from Ms. Fisher's filings in response to the first motion to dismiss, which therefore could not have been known to Ms. Ankton at the time she filed her first motion. *See **Allgood v. Gateway Health Sys.***, 309 S.W.3d 918, 925 (Tenn. Ct. App. 2009) (noting that a defendant "cannot be expected to include facts in his answer that were unknown to him"). Finally, we note that during the seven month time period between the remand from this Court and the filing of the second motion to dismiss, Ms. Ankton did not engage in discovery or otherwise participate in this case. Indeed, at oral argument, Ms. Fisher admitted that after the remand from this Court, Ms. Ankton essentially "did nothing." In fact, in her appellate brief, Ms. Fisher appears to rely not on the actions of Ms. Ankton throughout this case, but the various efforts made by Ms. Fisher to initiate discovery. Given that Ms. Ankton filed no answer and did not participate in discovery, we conclude that under the holding in ***Watson***, Ms. Ankton's delay in filing her second motion to dismiss did not result in the waiver of her defense under the unique circumstances of this case. *See **Watson***, 316 S.W.3d at 599. The trial court therefore did not err in ruling that the second motion to dismiss was timely and that the arguments properly pled therein were not waived.

Our decision regarding the timeliness of Ms. Ankton's motion, however, does not end the inquiry into whether waiver applies in this case. Rather, Ms. Fisher also argues that the basis of the trial court's ruling, that the service of the Third Summons was

- 13 -

defeated by the lack of a certified copy, was not raised in Ms. Ankton's motion and is therefore waived. We agree. As the Tennessee Supreme Court explained:

> Although Rule 12 contains no specificity requirements, Rule 8, which sets out "general rules of pleading," clearly does. Rule 8.03 requires that "a party shall set forth affirmatively facts in short and plain terms relied upon to constitute ... an avoidance or affirmative defense."
>
> In challenging the sufficiency of service in this case, [the defendant] was certainly interposing "an avoidance," procedurally speaking. In order to comply with Rule 8.03, it should have included in its motion to dismiss a recitation of those facts, "in short and plain terms," upon which it was relying for dismissal. The failure to do so constitutes a waiver of the matter raised in the motion.

**Barker**, 804 S.W.2d at 444. The rule set forth in **Barker** was more recently applied by this Court in **Allgood v. Gateway Health Sys.**, 309 S.W.3d 918 (Tenn. Ct. App. 2009). In **Allgood**, the defendant filed an answer to the complaint, asserting the affirmative defense of insufficient service of process. **Id.** at 920. In support, the answer alleged that "that the return certifying service of process on [Dr. Hoffman] shows that he was served by the commissioner of insurance through the U.S. mail." **Id.** The defendant later filed a motion for summary judgment asserting that service was improper because the summons was served on a person who was not authorized to accept service on his behalf. **Id.** at 921. The plaintiffs argued, however, that the defendant waived the defense of insufficient service of process by failing to state the factual basis supporting the defense in his answer as required by Rule 8.03.

This Court agreed that the defense had been waived. Citing **Barker**, this Court held that the defendant was required to do more than simply indicate "that a possible defect in the manner of service of process exists." **Id.** at 925 (citing **Barker**, 804 S.W.2d at 443–44). As the Court explained:

> If simply putting the plaintiff on notice that there may be a problem with service of process were enough to satisfy Rule 8.03, then the **Barker** Court would not have found the defense to have been waived, because the defendant in **Barker** stated in its answer "[t]hat there has been an insufficiency of service of process in this cause." **Id.** at 443. **Barker** clearly holds that mere notice of a possible problem is insufficient to satisfy Rule 8.03. Rather, Rule 8.03 requires that a defendant state the facts that support the defense.

**Allgood**, 309 S.W.3d at 925. Thus, this Court held that the defendant's failure to state the facts supporting the defense in his first responsive pleading or to amend that pleading

- 14 -

when the facts supporting the defense became known to him, resulted in waiver of the defense.

The same is true in this case. Here, Ms. Ankton filed her second motion to dismiss on January 28, 2016, some two and one-half years after Ms. Fisher filed her corrected motion containing the copy of the summons returned unclaimed. As such, Ms. Ankton had full knowledge at the time of the filing of her second motion to dismiss that the summons used to effectuate service by certified mail was not a certified copy. Despite this clear notice of the alleged defect in the summons, Ms. Ankton's second motion to dismiss simply does not include this as a basis for the insufficient service of process defense. Indeed, the necessity of a certified copy under Rule 4.04(10) or the lack thereof of was never mentioned in Ms. Ankton's motion. Rather, Ms. Ankton raised this argument for the first time at the June 2, 2016 motion hearing. Although it is true that issues may be tried by consent, Ms. Fisher's counsel clearly objected to the argument regarding the lack of certified copy because it was not included in Ms. Ankton's second motion to dismiss. *See* Tenn. R. Civ. P. 15.02 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."). Clearly, Ms. Ankton failed to comply with Rule 8.03 in neglecting to plead facts regarding this alleged defect in her second motion to dismiss.

Moreover, despite Ms. Fisher's objection to the argument regarding the lack of certified copy, the trial court's order did not address whether Ms. Ankton's failure to specifically raise this argument in her motion resulted in waiver under Rule 8.03. Rather, the trial court's order merely states that:

> In the case at bar, the issues raised in the Second Motion to Dismiss are not waived in light of the fact that the returns of service . . . and [a]ffidavits . . . were not filed until after the First Motion to Dismiss was filed by the Defendant[.]"

Thus, the trial court held that the issues raised in Ms. Ankton's second motion to dismiss were not waived, but the trial court completely failed to address Ms. Fisher's argument that the lack of certified copy issue was not raised in that motion. We cannot likewise ignore Ms. Fisher's argument on this issue.

Here, Ms. Fisher appeared before the trial court to defend against a second motion to dismiss filed seven months after having the initial dismissal of this lawsuit reversed by this Court. Rather than being required to defend against the allegations actually raised in the second motion to dismiss, Ms. Fisher was forced to defend against an entirely new argument—one whose factual basis was completely omitted from Ms. Ankton's prior filing. Blindsided by this argument, Ms. Fisher properly objected that the facts that

provided the basis for Ms. Ankton's argument were not included in Ms. Ankton's second motion to dismiss, only for the trial court to disregard Ms. Fisher's objection. Based on the holding in ***Allgood***, however, Ms. Ankton's failure to plead specific facts in her motion regarding the lack of a certified copy of the summons clearly renders this defense waived under Rule 8.03. *See **Allgood***, 309 S.W.3d at 925. The trial court therefore erred in dismissing Ms. Fisher's complaint on this basis.

Having determined that Ms. Ankton waived any argument regarding the lack of certified copy of the summons included in the service attempted by certified mail, we express no opinion as to whether the failure to utilize a certified copy of the summons in certified mailing under Rule 4.04(10) renders such service ineffective.[7] As the parties essentially agree that the lack of certified copy was the sole basis for the trial court's ruling, we again "render no holding as to the validity of service allegedly effectuated upon [Ms. Ankton]," specifically as it appears the parties remain in dispute as to whether the service by certified mail was "properly addressed" as required by Rule 4.04(10). We note, however, that the trial court found with regard to substitute service that: "[T]here is nothing in the record to support the allegation that the Defendant was evading service as **there is no indication that the attempts at service were at a valid address** or that she took any active steps to not be served." (Emphasis added). The record indeed contains no information regarding what led Ms. Fisher to believe that Ms. Ankton resided at West River Trace Drive. The record does contain, however, an affidavit indicating that service was attempted at this address and that individuals therein made some indication that Ms. Fisher in fact resided at the home. In addition, the complaint specifically alleges West River Trace Drive as Ms. Ankton's residence. Because the allegations in the complaint

---

[7] By way of edification, however, we note the following from the Tennessee Practice Series:

> Pursuant to Tenn. R. Civ. P. 4.03, the lawyer and the U.S. Postal Service undertake the tasks of service of process when service by mail is chosen. There are five steps: (1) The summons (process) is issued for mailing. The court clerk files the summons and records the filing. The court clerk signs and dates the original summons. A copy of the summons is certified. Both the original summons and the certified summons are provided to the lawyer. (2) The lawyer keeps the original summons. The certified summons and a copy of the complaint are mailed to the defendant by certified or registered mail. Return receipt is requested. (3) The green card showing receipt is returned to the lawyer by the U.S. Postal Service. This card is attached to the original summons. (4) The lawyer fills out the affidavit on the summons. The lawyer records in the proper spaces, the date the process and complaint were sent certified mail to the defendant and the date the lawyer received the attached certified receipt in the law office. (5) The original summons, with green card and affidavit affixed, is filed with the court clerk.

Nancy Fraas Maclean, et al., *Tennessee Practice—Rules of Civil Procedure Annotated* § 4:9 (3d ed. 2000).

must be taken as true for purposes of a motion to dismiss, it does not appear that dismissal on this basis is appropriate. *See Fisher I*, 2015 WL 2107752, at \*4 (Tenn. Ct. App. May 5, 2015) ("In considering an appeal from a trial court's grant of a motion to dismiss, we take all allegations of fact in the complaint as true and review the trial court's legal conclusions de novo with no presumption of correctness."). Rather, an evidentiary hearing may be required to resolve this issue.

**Conclusion**

The judgment of the Circuit Court of Shelby County is reversed, and this cause is remanded to the trial court for further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed against Appellee, Chandranita Ankton, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE